DIETZ, Judge.
 

 *767
 
 Defendant Robert Lewis Bishop appeals from the trial court's orders requiring him to enroll in satellite-based monitoring. Bishop did not timely appeal these orders. As explained below, because the arguments Bishop seeks to raise in this appeal are either procedurally barred or
 
 *768
 
 meritless, in our discretion we decline to issue a writ of certiorari and dismiss this untimely appeal for lack of appellate jurisdiction.
 

 Facts and Procedural History
 

 A jury convicted Defendant Robert Lewis Bishop of three counts of taking indecent liberties with a child. The offenses occurred in 2015 and the victim was Bishop's five-year-old daughter. The trial court sentenced Bishop to three consecutive terms of 16 to 29 months in prison and ordered him to enroll in satellite-based monitoring for thirty years. Bishop did not challenge the trial court's imposition of satellite-based monitoring on constitutional grounds at the hearing.
 

 Immediately after the trial court imposed its sentence and satellite-based monitoring order, the court stated, "We have another matter to take care of, I believe?" Bishop then entered an
 
 Alford
 
 plea to two additional counts of indecent liberties with a child. These two additional offenses occurred more than a decade before Bishop's criminal acts against his daughter. The basis of these new offenses was information, apparently obtained while investigating Bishop's crimes
 
 *369
 
 against his daughter, that Bishop also had sexually molested his younger brothers. One of Bishop's brothers told the trial court that Bishop "spent his entire life molesting children and getting away with it."
 

 The trial court sentenced Bishop to suspended sentences of 19 to 23 months in prison for these offenses, found that Bishop qualified as a recidivist, and therefore ordered Bishop to enroll in satellite-based monitoring for life. As before, Bishop did not challenge the imposition of this new satellite-based monitoring order on constitutional grounds. Bishop also did not timely appeal either of the trial court's orders imposing satellite-based monitoring. Bishop later filed a petition for writ of certiorari, asking this Court to review the trial court's satellite-based monitoring orders.
 

 Analysis
 

 I. Imposition of Satellite-Based Monitoring
 

 Bishop argues that the trial court erred by ordering him to enroll in satellite-based monitoring without conducting a
 
 Grady
 
 hearing to determine whether that monitoring was reasonable under the Fourth Amendment. Bishop concedes that his argument suffers from two separate error preservation issues. First, Bishop did not make this constitutional argument to the trial court, as the law requires. Second, Bishop did not timely appeal the trial court's satellite-based monitoring orders. Bishop therefore asks this Court to take
 
 two
 
 extraordinary steps to
 
 *769
 
 reach the merits, first by issuing a writ of certiorari to hear this appeal, and then by invoking Rule 2 of the North Carolina Rules of Appellate Procedure to address his unpreserved constitutional argument. In our discretion, we decline to do so.
 

 This Court has discretion to allow a petition for a writ of certiorari "to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action." N.C. R. App. P. 21(a). A writ of certiorari is not intended as a substitute for a notice of appeal. If this Court routinely allowed a writ of certiorari in every case in which the appellant failed to properly appeal, it would render meaningless the rules governing the time and manner of noticing appeals. Instead, as our Supreme Court has explained, "[a] petition for the writ must show merit or that error was probably committed below."
 
 State v. Grundler
 
 ,
 
 251 N.C. 177
 
 , 189,
 
 111 S.E.2d 1
 
 , 9 (1959).
 

 Here, Bishop has not shown that his argument (on direct appeal, at least) is meritorious or that the trial court probably committed error. Indeed, Bishop concedes that the argument he seeks to raise is procedurally barred because he failed to raise it in the trial court. We recognize that this Court previously has invoked Rule 2 to permit a defendant to raise an unpreserved argument concerning the reasonableness of satellite-based monitoring.
 
 State v. Modlin
 
 , --- N.C. App. ----,
 
 796 S.E.2d 405
 
 ,
 
 2017 WL 676957
 
 , at *2-3 (2017) (unpublished). But the Court did so in
 
 Modlin
 
 because, at the time of the hearing in that case, "[n]either party had the benefit of this Court's analysis in
 
 Blue
 
 and
 
 Morris
 
 ."
 
 Id.
 
 at *2. In
 
 Blue
 
 and
 
 Morris
 
 , this Court outlined the procedure defendants must follow to preserve a Fourth Amendment challenge to satellite-based monitoring in the trial court.
 
 State v. Blue
 
 , --- N.C. App. ----, ----,
 
 783 S.E.2d 524
 
 , 525-26 (2016) ;
 
 State v. Morris
 
 , --- N.C. App. ----, ----,
 
 783 S.E.2d 528
 
 , 528-29 (2016).
 

 This case is different from
 
 Modlin
 
 because Bishop's satellite-based monitoring hearing occurred several months
 
 after
 
 this Court issued the opinions in
 
 Blue
 
 and
 
 Morris
 
 . Thus, the law governing preservation of this issue was settled at the time Bishop appeared before the trial court. As a result, the underlying reason for invoking Rule 2 in
 
 Modlin
 
 is inapplicable here and we must ask whether Bishop has shown any other basis for invoking Rule 2.
 

 He has not. Bishop's argument for invoking Rule 2 relies entirely on citation to previous cases such as
 
 Modlin
 
 , where the Court invoked Rule 2 because of circumstances unique to those cases. In the absence of any argument specific to the facts of
 
 this
 
 case, Bishop is no different
 
 *770
 
 from countless other defendants whose constitutional arguments were barred on direct appeal because they were not preserved for appellate review.
 
 See,
 

 *370
 

 e.g.
 
 ,
 
 State v. Garcia
 
 ,
 
 358 N.C. 382
 
 , 410-11,
 
 597 S.E.2d 724
 
 , 745 (2004) ;
 
 State v. Roache
 
 ,
 
 358 N.C. 243
 
 , 274,
 
 595 S.E.2d 381
 
 , 402 (2004) ;
 
 State v. Haselden
 
 ,
 
 357 N.C. 1
 
 , 10,
 
 577 S.E.2d 594
 
 , 600 (2003).
 

 As our Supreme Court has instructed, we must be cautious in our use of Rule 2 not only because it is an extraordinary remedy intended solely to prevent manifest injustice, but also because "inconsistent application" of Rule 2 itself leads to injustice when some similarly situated litigants are permitted to benefit from it but others are not.
 
 State v. Hart
 
 ,
 
 361 N.C. 309
 
 , 317,
 
 644 S.E.2d 201
 
 , 206 (2007). Because Bishop is no different from other defendants who failed to preserve their constitutional arguments in the trial court, and because he has not argued any specific facts that demonstrate manifest injustice if we decline to invoke Rule 2, we do not believe this case is an appropriate use of that extraordinary step. As Bishop concedes, he cannot prevail on this issue without the use of Rule 2 because his constitutional argument is waived on appeal. In our discretion, we decline to issue a writ of certiorari to review this unpreserved argument on direct appeal.
 

 II. Determination of Recidivism
 

 Bishop next argues that the trial court erred in finding that he was a recidivist, thereby qualifying him for lifetime satellite-based monitoring. As with his first argument, Bishop failed to timely appeal on this ground and this Court can address the merits only if it issues a writ of certiorari.
 

 In our discretion, we again decline to issue the writ because Bishop has not shown that his argument has "merit or that error was probably committed below."
 
 Grundler
 
 ,
 
 251 N.C. at 189
 
 ,
 
 111 S.E.2d at 9
 
 . Under
 
 N.C. Gen. Stat. § 14-208.6
 
 , a "recidivist" is defined as "a person who has a
 
 prior conviction
 
 for an offense" that is a "reportable conviction" under section 14-208.6(4).
 
 N.C. Gen. Stat. § 14-208.6
 
 (2b) (emphasis added). A "reportable conviction" under section 14-208.6(4) includes Bishop's conviction for taking indecent liberties with his five-year-old daughter.
 

 Id.
 

 § 14-208.6(4)(a). The statute does not define "prior conviction." Bishop argues that his convictions for three counts of indecent liberties against his daughter cannot count as a "prior conviction" because they occurred on the same day as his guilty plea to the two additional counts of indecent liberties against his brothers.
 

 Bishop relies on this Court's decision in
 
 State v. Springle
 
 , where we found that the defendant's two convictions for indecent exposure "cannot function as 'prior convictions' for purposes of categorizing defendant
 
 *771
 
 as a recidivist because defendant was
 
 simultaneously
 
 convicted of both counts of indecent exposure." --- N.C. App. ----, ----,
 
 781 S.E.2d 518
 
 , 523 n.3 (2016).
 
 Springle
 
 is readily distinguishable from this case because Bishop was not
 
 simultaneously
 
 convicted of the two separate sets of offenses that rendered him a recidivist. After being convicted and sentenced for offenses committed against his five-year-old daughter in 2015, Bishop chose to plead guilty to separate offenses he committed against his younger brothers more than a decade earlier. At the time Bishop pleaded guilty to these separate offenses, he already had been convicted and sentenced for the 2015 offenses. Thus, he had a prior conviction for a reportable offense at the time the trial court sentenced him on the new convictions. That his prior conviction occurred earlier the same day rather than the day before, or many years before, is irrelevant; Bishop was convicted and sentenced at different times for two separate sets of qualifying offenses. Accordingly, Bishop satisfied the statutory definition for a recidivist and the trial court properly applied the statute's plain language in this case.
 

 Because we find that Bishop's argument is meritless, in our discretion we decline to issue a writ of certiorari and therefore dismiss Bishop's untimely appeal for lack of appellate jurisdiction.
 

 Conclusion
 

 In our discretion, we deny Bishop's petition for a writ of certiorari and dismiss this appeal for lack of jurisdiction.
 

 DISMISSED.
 

 Judges ELMORE and ARROWOOD concur.