IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-1253

 Filed: 20 March 2017

New Hanover County, No. 15 CRS 59331

STATE OF NORTH CAROLINA
 v.

JOSEPH CHARLES BURSELL

 Appeal by defendant from judgment entered 10 August 2016 by Judge Ebern

T. Watson III in New Hanover County Superior Court. Heard in the Court of Appeals

3 May 2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Teresa M.
 Postell, for the State.

 Meghan Adelle Jones for defendant.

 ELMORE, Judge.

 Defendant Joseph Charles Bursell appeals from an order requiring him to

enroll in North Carolina’s satellite-based monitoring (SBM) program for the

remainder of his natural life. He argues that the trial court erred by imposing

lifetime SBM without conducting the required Grady hearing to determine whether

such monitoring would amount to a reasonable search under the Fourth Amendment.

We agree and vacate the SBM order without prejudice to the State’s ability to file a

subsequent application for SBM.
 STATE V. BURSELL

 Opinion of the Court

 I. Background

 On 10 August 2016, defendant pled guilty to statutory rape and indecent

liberties with a child after having sex with Anna,1 a thirteen-year-old female, when

he was twenty years old, in violation of N.C. Gen. Stat. § 14-27.7A(a) (recodified at

N.C. Gen. Stat. § 14-27.25(a) (2015) (effective Dec. 1, 2015)) and N.C. Gen. Stat. § 14-

202.1. The trial court consolidated the offenses into one judgment and imposed a

sentence in the presumptive range of 192 to 291 months in prison. The trial court

also ordered defendant to enroll in lifetime sex offender registration and in lifetime

SBM. The evidentiary basis for defendant’s plea as presented by the State tended to

show the following facts.

 On 11 November 2015, Anna’s mother reported to the New Hanover County

Sheriff’s Department that Anna had snuck out of the house the night before and was

missing. Responding detectives began searching for Anna at her friends’ houses. One

friend provided Anna’s Facebook account and password, and a detective saw some

messages between her and another person, later identified as defendant. Anna’s

friends also reported that they had seen Anna and defendant meet multiple times at

a local ice skating rink. That afternoon, an employee at Wave Transit Station in

Wilmington called 9-1-1 to report that there were three young people in the area.

1 A pseudonym is used to protect the minor’s identity.

 -2-
 STATE V. BURSELL

 Opinion of the Court

Responding patrol officers identified two of the people as defendant and Anna, who

were then interviewed by the New Hanover County Sheriff’s Department.

 During her interview, Anna reported that after she met defendant, they

started communicating online, and she snuck out of her house on the night of 10

November 2015 to be with him. Defendant attempted to rent them a hotel room, but

he only had cash, and both hotels only accepted credit cards. She and defendant then

had sex in the parking lot and talked about leaving town together, before they were

picked up at the bus station. In defendant’s interview, he admitted to having sex

with Anna and corroborated her version of the events.

 After the trial court accepted defendant’s plea and rendered its sentence on the

offenses, the State applied for the imposition of lifetime registration and SBM.

Defense counsel objected to both registration and SBM. After the trial court found

defendant had committed an aggravating offense under the registration and SBM

statutes, it summarily concluded that defendant “require[s] the highest possible level

of supervision and monitoring” and ordered that he enroll in lifetime registration and

be subject to lifetime SBM. Over defendant’s objections to the registration and SBM

orders, the trial court acknowledged that his guilty plea was contingent upon

reserving his right to appeal those orders. Defendant later filed timely written notice

of appeal from both orders.

 II. Analysis

 -3-
 STATE V. BURSELL

 Opinion of the Court

 On appeal, defendant contends the trial court violated his Fourth Amendment

rights by ordering he enroll in lifetime SBM without making the required Grady

determination that such monitoring would be a reasonable search. See Grady v.

North Carolina, 575 U.S. ___, 135 S. Ct. 1368, 191 L. Ed. 2d 459 (2015). The State

concedes that the trial court erred under Grady and, therefore, its order should be

vacated and the case should be remanded for a new SBM hearing. However, as a

threshold matter, the State argues that because defendant failed to raise a Fourth

Amendment objection on Grady grounds when he objected to the imposition of SBM

at sentencing, he has waived his right to appellate review of this issue.

A. Issue Preservation

 The State contends that, although defendant objected at sentencing to the

orders of registration and SBM, because he neither referenced Grady nor “raise[d]

any objection that the imposition of SBM . . . effected an unreasonable search in

violation of the Fourth Amendment,” this issue is not preserved for appellate review.

We disagree.

 Generally, “[c]onstitutional errors not raised by objection at trial are deemed

waived on appeal.” State v. Edmonds, 212 N.C. App. 575, 577, 713 S.E.2d 111, 114

(2011) (citation omitted). However, where a constitutional challenge not “clearly and

directly presented to the trial court” is implicit in a party’s argument before the trial

court, it is preserved for appellate review. See State v. Murphy, 342 N.C. 813, 822,

 -4-
 STATE V. BURSELL

 Opinion of the Court

467 S.E.2d 428, 433 (1996) (deeming preserved a constitutional challenge “not

specifically argued” nor “clearly and directly presented to the trial court” but “implicit

in the defendant’s argument” and thus “implicitly presented to the trial court”); see

also State v. Spence, 237 N.C. App. 367, 371, 764 S.E.2d 670, 674–75 (2014) (deeming

preserved a constitutional challenge not directly presented to the trial court where

“[i]t [was] apparent from the context that the defense attorney’s objections were made

in direct response to the trial court’s ruling to remove all bystanders from the

courtroom—a decision that directly implicates defendant’s constitutional right to a

public trial”). Our Rules of Appellate Procedure similarly provide that a timely

objection, even absent an articulation of the specific grounds of that objection, will

preserve an issue for appellate review when those grounds are contextually apparent.

N.C. R. App. P. 10(a)(1) (“In order to preserve an issue for appellate review, a party

must have presented to the trial court a timely . . . objection, . . . stating the specific

grounds for the ruling the party desired the court to make if the specific grounds were

not apparent from the context.” (emphasis added)).

 Here, the plea hearing transcript reveals that, after the State’s application of

lifetime registration and SBM, defense counsel raised the following objections:

 [DEFENSE]: . . . I would object on two grounds. I know
 the status of the law is pretty clear as to the register, [sic]
 but for purposes of preserving any record if that were to
 change, I would submit that it is insufficient under Fourth
 Amendment grounds and due process grounds to place him
 on the registry in its entirety. Alternatively, that the

 -5-
 STATE V. BURSELL

 Opinion of the Court

 lifetime requirement be a little excessive in this case and
 would ask you to alternatively consider putting him on the
 30-year list.

 As to satellite-based monitoring, I think the Court needs to
 hear some additional evidence other than the [recitation] of
 the facts from the attorney or from the district attorney as
 to satellite-based monitoring. And since that evidentiary
 issue has not been resolved, there isn’t any statements from
 the victim or otherwise from law enforcement that you ought
 not to order satellite-based monitoring in this case, and that
 the registry alternative would satisfy those concerns. . . .

(Emphasis added.) The trial court responded:

 [THE COURT]: . . . All noted exceptions made on the record
 by [defense counsel] on behalf of the defendant as to his
 constitutional standing, as to the standing of the current
 law, and as to the future references in implication that you
 have made in your arguments. All those are noted for the
 record. All of those at this point in time are taken under
 consideration by the Court.

(Emphasis added.) After the trial court rendered its findings to support its orders of

lifetime registration and SBM, defense counsel objected again:

 [DEFENSE]: . . . [W]e will file our written notice of appeal
 for the findings for the registry and the satellite-based
 monitoring, but . . . . I do want to put on the record we do
 note our exception and objection to both of those in open
 court[.] . . .

The trial court responded:

 THE COURT: It’s noted that you are making your plea
 contingent upon reserving your ability to file any
 actionable appeals that might be relevant to this cause.

 -6-
 STATE V. BURSELL

 Opinion of the Court

 As in Murphy and Spence, although defendant did not clearly and directly

reference the Fourth Amendment when objecting to the State’s application for SBM,

nor specifically argue that imposing SBM without a proper Grady determination

would violate his constitutional rights, it is readily apparent from the context that

his objection was based upon the insufficiency of the State’s evidence to support an

order imposing SBM, which directly implicates defendant’s rights under Grady to a

Fourth Amendment reasonableness determination before the imposition of SBM.

Although defendant only referenced the Fourth Amendment during his objection to

the State’s lifetime registration application, he specifically argued during his

objection to the State’s SBM application that it needed to present additional evidence

beyond the factual basis for his plea before the trial court could impose SBM, and

implicit in those grounds was an argument that ordering lifetime SBM in this case

without first making a proper Grady determination would violate his Fourth

Amendment rights. Defendant explicitly argued that “the Court needs to hear some

additional evidence other than the [recitation] of the facts from the attorney or from

the district attorney as to satellite-based monitoring” and noted further that “there

isn’t any statements from the victim or otherwise from law enforcement[,]”

implicating a challenge to the sufficiency of evidence relevant for the trial court to

make findings to support Grady’s required fact-specific, totality-of-the-circumstances

 -7-
 STATE V. BURSELL

 Opinion of the Court

determination of the Fourth Amendment reasonableness of imposing lifetime SBM.

We thus hold that defendant’s constitutional Grady challenge was preserved.

 Assuming, arguendo, this objection was inadequate to preserve a

constitutional Grady challenge for appellate review, in our discretion we would

invoke Rule 2 to relax Rule 10’s issue-preservation requirement and review its merits.

 Under Rule 2 of our Rules of Appellate Procedure, “[t]o prevent manifest

injustice to a party[ ] . . . either court of the appellate division may[ ] . . . suspend or

vary the requirements or provisions of any of these rules in a case pending before

it . . . upon its own initiative[.] . . . N.C. R. App. P. 2. “Rule 2 relates to the residual

power of our appellate courts to consider, in exceptional circumstances, significant

issues of importance in the public interest or to prevent injustice which appears

manifest to the Court and only in such instances.” State v. Campbell, 369 N.C. 599,

603, 799 S.E.2d 600, 602 (2017) (citations and quotation marks omitted). “[W]hether

a particular case is one of the rare ‘instances’ appropriate for Rule 2 review—must

necessarily be made in light of the specific circumstances of individual cases and

parties, such as whether ‘substantial rights of an appellant are affected.’ ” Id.

(quoting State v. Hart, 361 N.C. 309, 316, 644 S.E.2d 201, 205 (2007)). The case-

specific decision of whether to invoke Rule 2 rests in the discretion of the panel

assigned to hear the case and is not constrained by precedent. Cf. Id. at 603, 799

S.E.2d at 603 (“[P]recedent cannot create an automatic right to review via Rule 2.”).

 -8-
 STATE V. BURSELL

 Opinion of the Court

 In State v. Bishop, ___ N.C. App. ___, ___ S.E.2d ___ (Oct. 3, 2017) (No. 17-55),

we elected not to invoke Rule 2 to review an unpreserved constitutional Grady

argument with respect to SBM because “the law governing preservation of this issue

was settled at the time [the defendant] appeared before the trial court” and because

the defendant did not timely appeal the SBM order. Id., slip op. at 5; see also id., slip

op. at 1, 4–5 (reasoning that the defendant’s 29 June 2016 sentencing hearing

occurred “months after this Court issued” its 15 March 2016 decisions in State v. Blue,

___ N.C. App. ___, 783 S.E.2d 534 (2016), and State v. Morris, ___ N.C. App. ___, 783

S.E.2d 528 (2016)). Here, defendant’s 10 August 2016 sentencing hearing also

occurred after the laws governing the State’s burden in applying for SBM was settled.

But unlike in Bishop, defendant’s counsel here objected to SBM as unreasonable and

without evidentiary support, and defendant timely appealed the SBM order. Also,

unlike in Bishop, the State here concedes reversible error.

 It is axiomatic that a constitutional right is a “substantial right.” In view of

the gravity of subjecting someone for life to a potentially unreasonable search of his

person in violation of his Fourth Amendment rights, especially when considering

defendant’s young age, the particular factual bases underlying his pleas, and the

nature of those offenses, combined with the State’s and the trial court’s failures to

follow well-established precedent in applying for and imposing SBM, and the State’s

concession of reversible Grady error, even if this argument was unpreserved, in our

 -9-
 STATE V. BURSELL

 Opinion of the Court

discretion we would invoke Rule 2 to relax Rule 10(a)(1)’s issue-preservation

requirement in order to prevent manifest injustice to defendant.

B. Merits

 The State concedes that if defendant’s Grady error was properly preserved, the

trial court erred by not analyzing “ ‘the totality of circumstances, including the nature

and purpose of the search and the extent to which the search intrudes upon

reasonable privacy expectations’ ” before imposing SBM. Blue, ___ N.C. App. at ___,

783 S.E.2d at 527 (quoting Grady, 575 U.S. at ___, 135 S. Ct. at 1371, 191 L. Ed. 2d

at 462); Morris, ___ N.C. App. at ___, 783 S.E.2d at 529 (same). The State thus argues

that the order should be vacated and the case remanded for a new SBM hearing. See

Blue, ___ N.C. App. at ___, 783 S.E.2d at 527; Morris, ___ N.C. App. at ___, 783 S.E.2d

at 530. We agree there was Grady error and vacate the order. “Blue and Morris made

clear that a case for [SBM] is the State’s to make,” State v. Greene, ___ N.C. App. ___,

___, ___ S.E.2d ___, ___, slip op. at 6 (Oct. 3, 2017) (No. 17-311), and, importantly,

that a trial court must make the required Grady determination before imposing SBM.

 In Greene, we held that where the defendant clearly and distinctly preserved

an objection to SBM on Grady grounds, the appropriate remedy when the State fails

to carry its burden of producing sufficient evidence to permit the trial court to make

its required Grady determination is not to remand the case for a new SBM hearing,

id., slip op. at 5–7, which would effectively allow the State to “ ‘try again’ by applying

 - 10 -
 STATE V. BURSELL

 Opinion of the Court

for yet another [SBM] hearing[,]” id., slip op. at 7; see also id. slip op. at 5 (reasoning

that “the nature of the State’s burden was no longer uncertain at the time of the

defendant’s [14 November 2016 SBM] hearing” (citation omitted)). Here, defendant’s

SBM objection at sentencing, while contextually adequate to preserve his right to

appellate review of his constitutional Grady argument, was not argued on Grady

grounds as clearly and distinctly as in Greene. Also, defendant’s sentencing hearing

occurred earlier than the SBM hearing in Greene. We thus hold that the proper

remedy in this case is to vacate the SBM order without prejudice to the State’s ability

to file a subsequent SBM application.

 III. Conclusion

 Defendant properly preserved at sentencing a constitutional objection on

Grady grounds to the imposition of SBM. But even if his objection was inadequate to

preserve a Grady challenge for appellate review, in our discretion we would invoke

Rule 2 under the particular circumstances of this case in order to review its merits.

Because no Grady hearing was held before the trial court imposed SBM, we vacate

its order without prejudice to the State’s ability to file a subsequent SBM application.

 VACATED.

 Judge INMAN concurs.

 Judge BERGER dissents by separate opinion.

 - 11 -
 No. COA16-1253 – State v. Bursell

 BERGER, Judge, dissenting in separate opinion.

 I respectfully dissent. Defendant’s appeal should be dismissed because he

failed to preserve his constitutional argument pursuant to Rule 10(a)(1), and our

appellate rules should not be suspended pursuant to Rule 2.

I. Preservation

 “[A] party must have presented to the trial court a timely request, objection, or

motion, stating the specific grounds for the ruling the party desired the court to make

if the specific grounds were not apparent from the context.” N.C.R. App. P. 10(a)(1)

(2017). This Court has ruled “[c]onstitutional errors not raised by objection at trial

are deemed waived on appeal.” State v. Edmonds, 212 N.C. App. 575, 577, 713 S.E.2d

111, 114 (2011) (citations omitted). “[I]ssues and theories of a case not raised below

will not be considered on appeal . . . .” Westminster Homes, Inc. v. Town of Cary

Zoning Bd. of Adjust., 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001). “[A] party’s

failure to properly preserve an issue for appellate review ordinarily justifies the

appellate court’s refusal to consider the issue on appeal.” Dogwood Dev. & Mgmt. Co,

LLC v. White Oak Transp. Co., 362 N.C. 191, 195-96, 657 S.E.2d 361, 364 (2008).

 Defendant failed to properly preserve his objection to satellite-based

monitoring (“SBM”). While Defendant objected to placement on the sex offender

registry for life instead of the thirty-year list on constitutional grounds, the same

cannot be said of defense counsel’s argument for satellite-based monitoring. Defense

counsel stated:
 STATE V. BURSELL

 BERGER, J., dissenting

 As to this issue, I would object on two grounds. I know the
 status of the law is pretty clear as to the register, but for
 purposes of preserving any record if that were to change, I
 would submit that it is insufficient under Fourth
 Amendment grounds and due process grounds to place
 [Defendant] on the registry in its entirety. Alternatively,
 that the lifetime requirement be a little excessive in this
 case and would ask you to alternatively consider putting
 him on the 30-year list.

(Emphasis added).

 Regarding SBM, defense counsel stated to the trial court:

 As to satellite-based monitoring, I think the Court needs to
 hear some additional evidence other than the [recitation]
 of the facts from the attorney or from the district attorney
 as to satellite-based monitoring. And since that
 evidentiary issue has not been resolved, there isn’t any
 statements from the victim or otherwise from law
 enforcement that you ought not to order satellite-based
 monitoring in this case, and that the registry alternative
 would satisfy those concerns. And we leave it at that, your
 Honor.

(Emphasis added). Despite stating that counsel was objecting on “two grounds,” the

content of the objection failed to allege an independent constitutional ground for

appeal in regards to SBM.

 The importance of issue preservation cannot be understated. Our Supreme

Court has stated “[t]he requirement expressed in Rule 10([a]) that litigants raise an

issue in the trial court before presenting it on appeal goes to the heart of the common

law tradition and our adversary system.” Dogwood, 362 N.C. at 195, 657 S.E.2d at

363 (citation, quotation marks, and brackets omitted). Further, the implication of

 2
 STATE V. BURSELL

 BERGER, J., dissenting

constitutional rights does not relax the burden upon Defendant to properly preserve

an issue for appellate review, and it is treated as any other issue in regards to Rule

10. See State v. Valentine, 357 N.C. 512, 525, 591 S.E.2d 846, 857 (2003). Defendant’s

failure to properly preserve his objection precludes review by this Court.

II. Suspension of Appellate Rules

 I would decline to consider the issue raised on appeal by Defendant through

the invocation of Rule 2 because it is not necessary to “prevent manifest injustice to

a party” or “expedite decision in the public interest.” N.C.R. App. P. 2 (2017); see also

Dogwood, 362 N.C. at 196, 657 S.E.2d at 364.

 “Rule 2 relates to the residual power of our appellate courts to consider, in

exceptional circumstances, significant issues of importance in the public interest, or

to prevent injustice which appears manifest to the Court and only in such instances.”

Steingress v. Steingress, 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999) (emphasis

added) (citation omitted). “[W]hether an appellant has demonstrated that his matter

is the rare case meriting suspension of our appellate rules is always a discretionary

determination to be made on a case-by-case basis.” State v. Campbell, 369 N.C. 599,

603, 799 S.E.2d 600, 603 (2017) (emphasis added).

 This Court has recently declined to invoke Rule 2 where Defendant failed to

properly preserve a Fourth Amendment argument in relation to SBM hearings. See

State v. Bishop, ___ N.C. App. ___, 805 S.E.2d 367 (2017). Much like the defendant

 3
 STATE V. BURSELL

 BERGER, J., dissenting

in Bishop, Defendant here “is no different from countless other defendants whose

constitutional arguments were barred on direct appeal because they were not

preserved for appellate review.” Id. at ___, 805 S.E.2d at 369-70. In other words,

Defendant’s argument on appeal is not an exceptional circumstance, standing alone,

that would justify our review. Further, the “inconsistent application of Rule 2 . . .

leads to injustice when some similarly situated litigants are permitted to benefit from

it but others are not.” Id. at ___, 805 S.E.2d at 370 (citation and quotation marks

omitted).

 Before an appellate court can invoke Rule 2, we are required to look at specific

facts and circumstances that would justify suspension of the rules, including but not

limited to whether a substantial right of the appellant is affected. Campbell, 369

N.C. at 603, 799 S.E.2d at 602-03.

 I do not disagree with the majority that Defendant’s participation in lifetime

SBM after his term of imprisonment may indeed affect a substantial right.

Individuals participating in the lifetime SBM program are subject to monitoring and

tracking, amounting to Fourth Amendment searches. State v. Bowditch, 364 N.C.

335, 350-51, 700 S.E.2d 1, 11 (2010).

 However, it is difficult to conclude that a manifest injustice exists where the

penalty may not actually be imposed. Defendant can petition the North Carolina

Post-Release Supervision and Parole Commission to terminate the lifetime SBM

 4
 STATE V. BURSELL

 BERGER, J., dissenting

requirement. See N.C. Gen. Stat. § 14-208.43 (2017). A decision by the commission

to terminate lifetime SBM would render the impact upon Defendant’s substantial

right moot.

 For the foregoing reasons, I would dismiss Defendant’s appeal and decline to

suspend the appellate rules.

 5