ZACHARY, Judge, concurring.
As Defendant did not object in the trial court to the constitutionality of his enrollment in satellite-based monitoring, in order to reach the merits of that argument this Court would be required-in addition to allowing certiorari-to take the extraordinary step of invoking Rule 2. The Majority declines to do so, and I concur. I write separately to convey my disquiet with this outcome.
In State v. Bishop , we noted that a petition for writ of certiorari " 'must show merit[.]' " State v. Bishop , --- N.C. App. ----, ----, 805 S.E.2d 367, 369 (2017) (quoting State v. Grundler , 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) ). Given that the defendant's argument in Bishop concerning the constitutionality of the satellite-based monitoring order was "procedurally barred because he failed to raise it in the trial court," we declined to issue "a writ of certiorari to review [that] unpreserved argument on direct appeal." Id. at ----, 805 S.E.2d at 369, 370.
While the case at bar is in all relevant points similar to Bishop , whether to invoke Rule 2 in any particular case remains within the sound discretion of this Court. State v. Hill , 247 N.C. App. 342, 346-48, 785 S.E.2d 178, 182 (2016). Nevertheless, " 'inconsistent application' of Rule 2 ... leads to injustice when some similarly situated litigants are permitted to benefit from it but others are not." Bishop , --- N.C. App. at ----, 805 S.E.2d at 370 (quoting State v. Hart , 361 N.C. 309, 317, 644 S.E.2d 201, 206 (2007) ). I therefore concur in the Majority's decision not to invoke Rule 2 in the instant case.
*104 I write separately to express my concern with the harshness of this result. A defendant is left with no recourse in the event that his counsel fails to object to the constitutionality of satellite-based monitoring before the trial court, which happens with some frequency. E.g. , State v. Spinks , --- N.C. App. ----, 808 S.E.2d 350 (2017) ; State v. Harding , --- N.C. App. ----, 813 S.E.2d 254 (2018). Moreover, where a defendant is denied appellate review based on an error of counsel, ordinarily the last avenue of relief is to file a motion for appropriate relief alleging ineffective assistance of counsel. However, where counsel's error pertains to satellite-based monitoring, an ineffective assistance of counsel claim is not available to the defendant. State v. Wagoner , 199 N.C. App. 321, 332, 683 S.E.2d 391, 400 (2009) ("[A] claim for ineffective assistance of counsel is available only in criminal matters, and we have already concluded that [satellite-based monitoring] is not a criminal punishment."). I regret the application of our Appellate Rules in such a manner that a defendant is deprived of any relief from a potentially unconstitutional order, particularly in light of this Court's recent holding in State v. Grady, --- N.C. App. ----, 817 S.E.2d 18, 2018 WL 2206344, 2018 N.C. App. LEXIS 460 (2018).