BERGER, Judge.
Christopher Neal Swafford ("Defendant") appeals from the trial court's order requiring him to enroll in satellite-based monitoring ("SBM") and register as a sex offender. Defendant did not properly appeal this order. As explained below, because the arguments Defendant seeks to raise in this appeal are either procedurally barred or meritless, in our discretion we decline to issue a writ of certiorari and dismiss this appeal.
Factual and Procedural Background
On December 7, 2015, Defendant was indicted for statutory rape, statutory sexual offense, and incest with a fourteen-year-old child. On September 22, 2017, Defendant was found guilty of statutory rape and incest with a person fourteen years of age, and not guilty of statutory sexual offense.
Defendant was sentenced to an active term of 276 to 392 months in prison for statutory rape and a concurrent sentence of 276 to 392 months in prison for incest. Additionally, Defendant was separately ordered to register as a sex offender and enroll in lifetime SBM upon his release from prison.
Defendant gave oral notice of appeal of the criminal judgment, but failed to file written notice of appeal for the SBM order in accordance with Rule 3 of the North Carolina Rules of Appellate Procedure. The State filed a motion to dismiss on July 6, 2018 noting the procedural defects in Defendant's appeal. On July 10, 2018, Defendant filed a petition for a writ of certiorari in light of the defective notice of appeal.
Defendant argues that the trial court erred in imposing SBM without determining whether it was reasonable under the Fourth Amendment of the United States Constitution. He further argues that he received ineffective assistance of counsel when his attorney failed to object to the imposition of SBM and failed to give proper notice of appeal. We address each argument below.
Analysis
"Our Court has held that SBM hearings and proceedings are not criminal actions, but are instead a civil regulatory scheme." State v. Brooks , 204 N.C. App. 193, 194, 693 S.E.2d 204, 206 (2010) (citations, quotation marks, and brackets omitted). "In light of our decisions interpreting an SBM hearing as not being a criminal trial or proceeding for purposes of appeal, we must hold that oral notice pursuant to N.C.R.App. P. 4(a)(1) is insufficient to confer jurisdiction on this Court. Instead, a defendant must give notice of appeal pursuant to N.C.R.App. P. 3(a)." Id. at 194-95, 693 S.E.2d at 206.
A party "in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties." N.C.R. App. P. 3(a). Thus, an appeal from an order imposing SBM may only be initiated by written notice of appeal, filed in the form and within the time limits established by our Appellate Rules. "[F]ailure to comply with Rule 3 is a jurisdictional default that prevents this Court from acting in any manner other than to dismiss the appeal." State v. Springle , 244 N.C. App. 760, 763, 781 S.E.2d 518, 520 (2016) (citation and quotation marks omitted).
I. Satellite-Based Monitoring
Defendant concedes that he did not raise an objection in the trial court to the imposition of SBM. Defendant also concedes that he only gave oral notice of appeal at the conclusion of his sentencing hearing, and did not file a written notice of appeal from the trial court's SBM order. However, Defendant has filed a petition for a writ of certiorari in light of the defects in his appeal.
A writ of certiorari "may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C.R. App. P. 21(a)(1). "The power to do so is discretionary and may only be done in appropriate circumstances." State v. Guy , --- N.C. App. ----, ----, --- S.E.2d ----, ----, COA18-67, 2018 WL 5795843, at *2 (Nov. 6, 2018) (citation and quotation marks omitted). "A petition for the writ must show merit or that error was probably committed below." State v. Bishop , --- N.C. App ----, ----, 805 S.E.2d 367, 369 (2017) (citation, quotation marks, and brackets omitted), disc. review denied , 370 N.C. 695, 811 S.E.2d 159 (2018). But, "[i]f this Court routinely allowed a writ of certiorari in every case in which the appellant failed to properly appeal, it would render meaningless the rules governing the time and manner of noticing appeals." Id.
Defendant here presents a similar procedural scenario as the defendants in both State v. Bishop and State v. Cozart , --- N.C. App. ----, 817 S.E.2d 599, appeal dismissed , --- N.C. ----, 818 S.E.2d 296 (2018). In addition, Defendant does not argue in his petition for a writ of certiorari that his claim has merit.[1] Therefore, we decline to grant certiorari in our discretion.
Defendant asserts that the trial court erred when it ordered lifetime SBM without conducting a reasonableness hearing. He requests a review of the merits of his argument by invoking Rule 2 and suspending the preservation requirements in Rule 10 of the North Carolina Rules of Appellate Procedure.
Rule 2 states:
To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.
N.C.R. App. P. 2. However, Rule 2 should only be used in "exceptional circumstances." State v. Campbell , 369 N.C. 599, 603, 799 S.E.2d 600, 602 (2017) (citation and quotation marks omitted).
As our Supreme Court has instructed, we must be cautious in our use of Rule 2 not only because it is an extraordinary remedy intended solely to prevent manifest injustice, but also because inconsistent application of Rule 2 itself leads to injustice when some similarly situated litigants are permitted to benefit from it but others are not.
Bishop , --- N.C. App. at ----, 805 S.E.2d at 370 (citation and quotation marks omitted). Moreover,
Fundamental fairness and the predictable operation of the courts for which our Rules of Appellate Procedure were designed depend upon the consistent exercise of this authority. Furthermore, inconsistent application of the Rules may detract from the deference which federal habeas courts will accord to their application. Although a petitioner's failure to observe a state procedural rule may constitute an "adequate and independent state ground[ ]" barring federal habeas review, Wainwright v. Sykes , 433 U.S. 72, 81, 97 S. Ct. 2497, 2503, 53 L.Ed. 2d 594, 604 (1977), a state procedural bar is not "adequate" unless it has been "consistently or regularly applied." Johnson v. Mississippi , 486 U.S. 578, 589, 108 S. Ct. 1981, 1988, 100 L.Ed. 2d 575, 586 (1988). Thus, if the Rules are not applied consistently and uniformly, federal habeas tribunals could potentially conclude that the Rules are not an adequate and independent state ground barring review. Therefore, it follows that our appellate courts must enforce the Rules of Appellate Procedure uniformly.
State v. Hart , 361 N.C. 309, 317, 644 S.E.2d 201, 206 (2007) ; see also State v. Forte , --- N.C. App. ----, 817 S.E.2d 764 (2018) (Dietz, J., concurring).
Defendant here has argued that Rule 2 should be invoked because he was not afforded a reasonableness hearing. However, Defendant has not argued that his is the rare or exceptional case justifying this Court's use of Rule 2. Campbell, 369 N.C. at 603, 799 S.E.2d at 602 ; Bishop , --- N.C. App. at ----, 805 S.E.2d at 369.
At the time of Defendant's sentencing, the United States Supreme Court's decision in Grady v. North Carolina , 575 U.S. ----, 135 S. Ct. 1368 (2015), had been available to Defendant's counsel for more than two years. Grady clearly established that a determination of reasonableness was required prior to the imposition of SBM. Just as defense counsel had "full knowledge and notice of the proper procedures necessary to notice an appeal concerning SBM implementation," Cozart , --- N.C. App. at ----, 817 S.E.2d at 602, defense counsel had full knowledge and notice of the requirements for imposition of SBM. Defendant has not adequately distinguished his case from the similarly situated defendants whose "constitutional arguments were barred on direct appeal because they were not preserved for appellate review." Bishop , --- N.C. App. at ----, 805 S.E.2d at 369. Neither has Defendant sufficiently argued that his "failure to object to the imposition of lifetime SBM resulted in a fundamental error or manifest injustice." Cozart , --- N.C. App. at ----, 817 S.E.2d at 603. In our discretion, and to ensure consistent application of Rule 2, we decline to suspend our appellate rules.
II. Ineffective Assistance of Counsel
Defendant also argues that he received ineffective assistance of counsel when his attorney neither objected to the imposition of SBM nor filed written notice of appeal. This argument is without merit.
An ineffective assistance of counsel claim cannot be asserted in SBM appeals because a "claim for ineffective assistance of counsel is available only in criminal matters, and we have already concluded that SBM is not a criminal punishment." Springle , 244 N.C. App. at 768, 781 S.E.2d at 523 (quoting State v. Wagoner , 199 N.C. App. 321, 332, 683 S.E.2d 391, 400 (2009) (citations omitted) ). Accordingly, we dismiss Defendant's ineffective assistance of counsel argument.
Conclusion
For the reasons stated above, we dismiss.
DISMISSED.
Report per Rule 30(e).
Judges STROUD and DILLON concur.

Defendant argues that State v. Dye , --- N.C. App. ----, 802 S.E.2d 737 (2017) applies. State v. Dye determined that issues related to SBM imposed at sentencing are automatically preserved for review under N.C. Gen. Stat. § 15A-1446. Id. However, Defendant's Fourth Amendment argument is not automatically preserved because sentencing issues "intertwined with constitutional issues" cannot be preserved under Section 15A-1446(d). State v. Meadows , --- N.C. ----, ----, 821 S.E.2d 402, 407 (2018) (citations and quotation marks omitted). Our Supreme Court recently stated that
[a]lthough defendant's nonconstitutional sentencing issues are preserved without contemporaneous objection consistent with Canady and N.C.G.S. § 15A-1446(d), constitutional issues are not. ... Further, this Court has consistently held that [c]onstitutional questions not raised and passed on by the trial court will not ordinarily be considered on appeal.
Id . (citations and quotation marks omitted).