IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-58

Filed 2 July 2024

Wayne County, No. 19CRS051104

STATE OF NORTH CAROLINA

v.

CARLTON GLENN WALSTON

Appeal by Defendant from judgments entered 7 July 2023 by Judge William W. Bland in Wayne County Superior Court. Heard in the Court of Appeals 11 June 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Jason P. Caccamo, for the State-Appellee.*

*Drew Nelson for Defendant-Appellant.*

COLLINS, Judge.

Defendant Carlton Walston appeals from judgments entered upon his guilty plea to two counts of indecent liberties with a child. Defendant argues that the trial court erred by finding that he qualified as a recidivist, and that this error deprived him of his constitutional right to due process. As the arguments Defendant raises on appeal are either meritless or procedurally barred, in our discretion we decline to issue a writ of certiorari and dismiss Defendant's appeal for lack of appellate jurisdiction.

## I.    Background

Pursuant to a plea agreement, Defendant agreed to enter guilty pleas concerning allegations made against him in Duplin County and Wayne County. Defendant pled guilty to two counts of first-degree statutory sexual offense in Duplin County on 9 April 2020 for conduct allegedly occurring between 2017 and 2019. The trial court consolidated the convictions into a single judgment and sentenced Defendant to 180 to 276 months' imprisonment. Defendant pled guilty to two counts of indecent liberties with a minor in Wayne County on 7 July 2023 for conduct allegedly occurring between 2012 and 2013. The trial court sentenced Defendant to two consecutive terms of 25 to 39 months' imprisonment. The trial court found that Defendant qualified as a recidivist based on his prior convictions in Duplin County and ordered him to register as a sex offender for life.

Defendant filed a written notice of appeal on 10 July 2023. Defendant appealed "the Judicial Findings and Order for Sex Offenders entered in the above-captioned case" but did not appeal the underlying judgment. Defendant subsequently filed a petition for writ of certiorari with this Court.

## II.    Discussion

### A. Determination of Recidivism

Defendant argues that the trial court erred by "finding that [he] qualified as a recidivist for purposes of sex-offender registration based on the Duplin County Conviction." Defendant concedes that his written notice of appeal was defective

because he did not appeal the underlying judgment, and he therefore asks this Court to issue a writ of certiorari to reach the merits of his appeal.

This Court has discretion to grant a petition for writ of certiorari "to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). A petition for writ of certiorari "must show merit or that error was probably committed below." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) (citation omitted).

Here, Defendant has not shown that his argument has merit or that error was probably committed below. A recidivist is defined as a "person who has a prior conviction for an offense that is described in [N.C. Gen. Stat. §] 14-208.6(4)." N.C. Gen. Stat. § 14-208.6(2b) (2023). Under section 14-208.6(4), a reportable conviction includes a conviction for "an offense against a minor, a sexually violent offense, or an attempt to commit any of those offenses[.]" *Id.* § 14-208.6(4) (2023). The statute does not define "prior conviction." Defendant argues that his Duplin County convictions for first-degree statutory sexual offense should not constitute prior convictions because they were "joined in the same plea agreement" as the Wayne County charges and "should be treated in the same way as charges that are joined for trial."

Defendant relies on *State v. West*, 180 N.C. App. 664, 638 S.E.2d 508 (2006), *State v. Watlington*, 234 N.C. App. 601, 759 S.E.2d 392 (2014), and *State v. High*, 271 N.C. App. 771, 845 S.E.2d 150 (2020), to support his argument. In *West*, defendant was convicted of second-degree murder, two counts of felony larceny, and one count

of breaking and entering an automobile in a single trial. 180 N.C. App. at 665, 638 S.E.2d at 509. The trial court sentenced defendant for his convictions for larceny and breaking and entering an automobile before recessing for lunch. *Id.* at 669, 638 S.E.2d at 512. After lunch, the trial court "assigned defendant two prior record points for one of the Class H larcenies and proceeded to sentence defendant for second degree murder as a Level II offender." *Id.* This Court held that the trial court erred by doing so because "the assessment of a defendant's prior record level using joined convictions would be unjust and in contravention of the intent of the General Assembly." *Id.* (citation omitted).

In *Watlington*, defendant was charged with twelve offenses that were joined prior to trial. 234 N.C. App. at 608, 759 S.E.2d at 396. The jury returned guilty verdicts on six charges and not guilty verdicts on three charges but could not reach a unanimous verdict on the three remaining charges. *Id.* The trial court declared a mistrial on those three charges, and Defendant was subsequently found guilty of those charges in a second trial. *Id.* The trial court used the six convictions from the first trial in calculating defendant's prior record level. *Id.* This Court held that the trial court erred by doing so because it "would be unjust to punish a defendant more harshly simply because, in his first trial, the jury could not reach a unanimous verdict on some charges, but in a subsequent trial, a different jury convicted that defendant on some of those same charges." *Id.* at 609, 759 S.E.2d at 397.

In *High*, defendant was convicted of first-degree murder and robbery with a dangerous weapon in a single trial. 271 N.C. App. at 772, 845 S.E.2d at 152. Defendant filed a motion for appropriate relief and, pursuant to a plea agreement, the trial court vacated defendant's first-degree murder conviction and defendant pled guilty to second-degree murder. *Id.* The trial court considered defendant's robbery with a dangerous weapon conviction in calculating defendant's prior record level. *Id.* This Court held that "considering [d]efendant's robbery conviction as a prior conviction in calculating [d]efendant's prior record level amounted to a legal error requiring reversal" because "using [d]efendant's robbery conviction as a prior conviction 'would be [just as] unjust and in contravention of the intent of the General Assembly' upon [d]efendant's plea to second-degree murder as it would have been had the State sought to use the robbery conviction as a 'prior' conviction when [d]efendant was first sentenced on the joined charges in 2004." *Id.* at 777, 845 S.E.2d at 155 (quoting *West*, 180 N.C. App. at 669-70, 638 S.E.2d at 512).

These cases are readily distinguishable from the present case because the Duplin County charges and Wayne County charges were not joined for trial. At the time Defendant pled guilty to the Wayne County charges, he had already been convicted and sentenced for the Duplin County charges. Thus, Defendant had a prior conviction for a reportable offense at the time the trial court sentenced him for the Wayne County convictions. The fact that Defendant entered into a plea agreement for the Duplin County charges and Wayne County charges at the same time is

irrelevant. Defendant was convicted and sentenced at different times for two separate sets of qualifying offenses. Accordingly, Defendant qualified as a recidivist under N.C. Gen. Stat. § 14-208.6(2b), and the trial court properly applied the statute's plain language in this case. *See State v. Bishop*, 255 N.C. App. 767, 770-71, 805 S.E.2d 367, 370 (2017).

Because Defendant's argument lacks merit, in our discretion we decline to issue a writ of certiorari and dismiss his appeal for lack of appellate jurisdiction.

## B. Due Process

Defendant also argues that the trial court's finding that he qualified as a recidivist "deprived [him] of his constitutional right to due process" because he "was sentenced in an unjust manner." Defendant failed to raise this constitutional argument in the trial court, and his argument is therefore procedurally barred. *See id.* at 769, 805 S.E.2d at 369. Nonetheless, Defendant asks us to invoke Rule 2 to address his argument on appeal. This Court may suspend the provisions of the Rules of Appellate Procedure to "prevent manifest injustice to a party[.]" N.C. R. App. P. 2.

> As our Supreme Court has instructed, we must be cautious in our use of Rule 2 not only because it is an extraordinary remedy intended solely to prevent manifest injustice, but also because "inconsistent application" of Rule 2 itself leads to injustice when some similarly situated litigants are permitted to benefit from it but others are not.

*Bishop*, 255 N.C. App. at 770, 805 S.E.2d at 370 (quoting *State v. Hart*, 361 N.C. 309, 317, 644 S.E.2d 201, 206 (2007)). In our discretion, we decline to invoke Rule 2 and

dismiss this portion of Defendant's appeal.

### III.    Conclusion

In our discretion, we deny Defendant's petition for a writ of certiorari and dismiss his appeal for lack of jurisdiction.

DISMISSED.

Judges STROUD and STADING concur.