STATE OF NORTH CAROLINA v. DESMOND HUNTER

No. 8027SC242

(Filed 16 September 1980)

Criminal Law § 122.2– additional instructions – reference to another trial if jurors failed to agree – harmless error

The trial judge's additional instruction to the jury after it had deliberated for an hour that the case would have to be retried if the jury failed to reach a verdict and that the jurors were as capable of deciding the case as any other group of jurors, if contrary to G.S. 15A-1235, did not constitute prejudicial error where the instruction was not directed to the minority but to all of the jurors; the court's reference to another trial in the event the

jurors failed to agree was followed by an almost verbatim recital of the instructions set forth in G.S. 15A-1235(b); and the charge made it clear that the court was not asking any juror to surrender any conscientious opinion he might have but was only asking the jurors to make every reasonable effort to arrive at a unanimous verdict.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 18 October 1979 in Superior Court, GASTON County. Heard in the Court of Appeals 26 August 1980.

The jury found defendant guilty of taking indecent liberties with a minor in violation of G.S. 14-202.1, and the court imposed an active sentence.

*Attorney General Edmisten, by Associate Attorney Grayson G. Kelley, for the State.*

*R. C. Cloninger, Jr., for defendant appellant.*

VAUGHN, Judge.

The sole issue in this case is whether the trial court committed prejudicial error in giving supplemental instructions to the jury after it returned to the courtroom without a verdict. The original charge given by the court before the jury retired is not in the record. The defendant stipulates that it was proper in all respects.

Less than one hour after retiring, the jury returned to the courtroom and the following took place:

COURT: Who is foreman of the Jury? Mr. Foreman, if you'll stand. I understand you have not been able to agree upon a verdict at this point?

FOREMAN: Yes, sir.

COURT: Now, without telling me how you stand, whether for conviction or acquittal, can you tell me what the numerical division is?

FOREMAN: Ten to two.

COURT: Let me give you some additional instructions that may be of some help to you. First of all, let me point out, Members of the Jury, that it's not anticipated that all of you should be of the same opinion as to what your verdict in this case should be when you go into the jury room.

The purpose of a jury, of course, is to provide an opportunity for the people of various walks of life to get together and discuss the matter and to make an effort, a reasonable effort, to arrive at a verdict in the case.

If a verdict is not reached, of course, would mean that the case has to be retried, and I'm sure that coming as you do from various walks of life, and I'm sure of equal or better intelligence than any of your fellow citizens of Gaston County, that you can arrive at a verdict as well as anybody else could be expected to do if given the opportunity to do so.

And this reminder that it's your duty to consult with one another and to deliberate with a view to reaching an agreement as to what your verdict should be if an agreement can be reached without violence to any individual judgment.

It's a juror's duty to decide the case for himself, but only after a fair and impartial consideration of the evidence with his fellow jurors. In the course of your deliberations, a juror should not hesitate to reexamine his or her views concerning what the verdict should be and change his or her opinion if convinced that the opinion is erroneous; however, no juror should surrender his or her honest conviction as to the weight or the effect of the evidence solely because of the opinion of his fellow jurors or for the mere purpose of returning a verdict.

So, what I'm saying Members of the Jury, I'm not asking you to surrender any conscientious opinion that he or she may have as to what your verdict should be in this case, but, I am asking you to make every reasonable effort to arrive at a unanimous verdict in this case if you can possibly do so.

You haven't been out long, and there is no reason why you should not, as I see it, continue your deliberations in the case at least for the time being. So I'll give you an opportunity to do so and see if you can arrive at a verdict in the case.

The only exception defendant makes in the record appears at the end of these instructions. This does not comply with the North Carolina Rules of Appellate Procedure which require an exception to jury instructions to identify the disputed portion by the use of brackets or other means of clear reference. App. R. 10(b)(2). Nevertheless, in our discretion, we will consider the merits of defendant's argument on this appeal. App. R. 2. It appears from defendant's brief that he contests only the third paragraph of the instructions.

Defendant contends that these additional instructions improperly coerced the jury into returning a verdict in violation of G.S. 15A-1235. This statute lists some guidelines for jury instructions which we need not repeat here.

The Supreme Court has held that in enacting this section the legislature intended to provide that a North Carolina jury should no longer be advised of the potential expense and inconvenience of retrying the case should the jury fail to agree. *State v. Easterling*, 300 N.C. 594, 268 S.E. 2d 800 (1980). In the case before us, the court did not refer to any expense or inconvenience but merely reminded the jury that the case would have to be retried, and that they were as capable of deciding the case as any other group of jurors. We concede, nevertheless, that even that reminder is probably contrary to the legislative proscription as interpreted by the Supreme Court in *Easterling*. We do not concede, however, that the legislature intended to require a trial judge, without regard to the circumstances then existing, to either recite G.S. 15A-1235(b) every time a jury returns to the courtroom without a verdict or discharge the jury. We believe, instead, that the section should be regarded as providing the guidelines to which Justice Branch (now Chief Justice) referred in *State v. Alston*, 294 N.C. 577, 596, 243 S.E. 2d 354, 366 (1978), and the trial judge must be allowed to exercise his sound judgment to deal with the myriad different circumstances he en-

State v. Hunter

counters at trial. He should, of course, avoid any reference to the potential expense and inconvenience in retrying the case should the jury fail to agree. *State v. Easterling, supra.*

In any event, the fundamental principle remains that unless there is a reasonable probability that the alleged error in the instruction changed the result at trial, the verdict should not be disturbed on appeal. *State v. Easterling, supra;State v. Alston, supra; State v. Cousin,* 292 N.C. 461, 233 S.E. 2d 554 (1977). When the instructions in the case are evaluated in the light of all the circumstances and are viewed as a whole, there is no way that they can reasonably be said to coerce the mind of a juror of "ordinary firmness and intelligence." *State v. Williams,* 288 N.C. 680, 696, 220 S.E. 2d 558, 570 (1975). The jury had been out less than one hour. The instructions were not just directed to the minority but to all of the jurors. There was no suggestion that a member of the minority should surrender her or his views. Instead, all jurors were instructed to consult with one another. The reference to another trial in the event the jurors did not agree was immediately followed by an almost verbatim recital of the instructions suggested in G.S. 15A-1235(b). The judge then pointed out that they had not been out very long and there seemed to be no reason they should not continue to deliberate "at least for the time being." In words that could not have been plainer, the judge made it absolutely clear that he was "not asking [them] to surrender any conscientious opinion" they might have but was asking them to make every "reasonable effort to arrive at a unanimous verdict" if they could do so. That, indeed, is the duty of every juror. For the reasons stated, defendant's exception fails to disclose prejudicial error.

No error.

Judges MARTIN (Robert M.) and WEBB concur.