STATE OF NORTH CAROLINA v. MICHAEL BROOKS

No. COA09-1068

(Filed 18 May 2010)

**Sexual Offenders— satellite-based monitoring—sexual battery not an aggravated offense**

 The Court of Appeals exercised its discretion under N.C. R. App. P. 2 and determined that the trial court erred in an assault by strangulation and sexual battery case by requiring defendant to enroll in lifetime satellite-based monitoring. Sexual battery is not an "aggravated offense" for the purposes of N.C.G.S. § 14-208.40B.

Appeal by Defendant from order entered 24 April 2009 by Judge R. Allen Baddour in Superior Court, Orange County. Heard in the Court of Appeals 10 February 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Thomas H. Moore, for the State.*

*Robert W. Ewing for Defendant-Appellant.*

McGEE, Judge.

Michael Brooks (Defendant) was indicted for second-degree rape, second-degree sexual offense, and assault by strangulation. He was also charged with sexual battery in a subsequently filed information. Defendant entered a guilty plea to assault by strangulation and sexual battery on 5 January 2009. The trial court found as an aggravating factor that Defendant was on probation when the crimes were committed and sentenced Defendant to consecutive terms of 25 to 30 months and 150 days in prison.

Pursuant to N.C. Gen. Stat. § 14-208.40B, the trial court conducted a hearing to determine Defendant's eligibility for enrollment in a satellite-based monitoring program (SBM) on 24 April 2009. The trial court made the following pertinent findings: (1) Defendant was convicted of a reportable offense under N.C. Gen. Stat. 14-208.6, in that his conviction was for a sexually violent offense under N.C. Gen. Stat. § 14-208.6(5); (2) Defendant was not classified as a sexually violent predator; (3) Defendant was not a recidivist; (4) Defendant's conviction was an aggravated offense; and (5) Defendant's conviction did not involve the physical, mental, or sexual abuse of a minor. Upon release from imprisonment, the trial court ordered Defendant to (1) register as a sex offender and (2) to enroll in an SBM program, both for the remainder of his natural life. Defendant appeals from the trial court's order requiring him to enroll in an SBM program for the remainder of his natural life.

### Grounds for Appellate Review

Defendant gave oral notice of appeal at the SBM hearing from the trial court's order requiring him to enroll in an SBM program for the remainder of his natural life. While oral notice of appeal is proper in "criminal action[s,]" as permitted under N.C.R. App. P. 4(a)(1), oral notice of appeal is insufficient to confer jurisdiction on this Court in civil proceedings. N.C.R. App. P. 3(a); *Melvin v. St. Louis*, 132 N.C. App. 42, 43, 510 S.E.2d 177, 177 (1999). We note that Defendant is appealing only from the trial court's order requiring him to enroll in SBM for life, and not from his underlying conviction. Because this is a jurisdictional issue, we must first determine whether Defendant's oral notice of appeal was sufficient in this case.

Our Court has held that SBM hearings and proceedings are not criminal actions, but are instead a "civil regulatory scheme[.]" *State v. Bare*, —— N.C. App. ——, ——, 677 S.E.2d 518, 527 (2009). In *State v. Singleton*, —— N.C. App. ——, 689 S.E.2d 562 (2010), our Court further determined that: "Therefore, for purposes of appeal, a SBM hearing is not a 'criminal trial or proceeding' for which a right of appeal is based upon N.C. Gen. Stat. § 15A-1442 or N.C. Gen. Stat. § 15A-1444." *Singleton*, —— N.C. App. at ——, 689 S.E.2d at 565. We note that in *Singleton*, our Court determined that we have "jurisdiction to consider appeals from SBM monitoring determinations under N.C. Gen. Stat. § 14-208.40B pursuant to N.C. Gen. Stat. § 7A-27." *Id.* at ——, 689 S.E.2d at 566. In light of our decisions interpreting an SBM hearing as not being a criminal trial or proceeding for purposes of appeal, we must hold that oral notice pursuant to N.C.R. App. P. 4(a)(1) is insuf-

STATE v. BROOKS

[204 N.C. App. 193 (2010)]

ficient to confer jurisdiction on this Court. Instead, a defendant must give notice of appeal pursuant to N.C.R. App. P. 3(a) as is proper "in a civil action or special proceeding[.]" N.C.R. App. P. 3(a).

N.C.R. App. P. 3(a) requires that a party "fil[e] notice of appeal with the clerk of superior court and serv[e] copies thereof upon all other parties[.]" *Id.* Because the record on appeal does not contain a written notice of appeal filed with the clerk of superior court, which was served upon the State, this appeal must be·dismissed. *Melvin*, 132 N.C. App. at 43, 510 S.E.2d at 177; *see also Putman v. Alexander*, —— N.C. App. ——, ——, 670 S.E.2d 610, 614 (2009). However, in his brief, Defendant requests that, should we find his notice of appeal insufficient, we treat his brief as a petition for writ of certiorari. In the interest of justice, and to expedite the decision in the public interest, we elect to grant Defendant's request to consider his brief as a petition for writ of certiorari. *Putman*, —— N.C. App. at ——, 670 S.E.2d at 614. We allow Defendant's petition for writ of certiorari and address the merits of his appeal.

## Grounds for Enrollment in SBM

Defendant contends there was no basis for subjecting him to lifetime SBM. However, Defendant did not argue this issue in his brief. Ordinarily, an issue not argued in a brief is deemed abandoned. N.C.R. App. P. 28(a) (2009) ("Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned."); N.C.R. App. P. 28(b)(6) (2009) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated . . . will be taken as abandoned.")[1]. The State argues that our Court should, "in the interest of justice," consider the issue of Defendant's eligibility for SBM. Likewise, in his reply brief, Defendant requests that we utilize our authority under N.C.R. App. P. 2 to consider this issue. We choose to exercise our discretion pursuant to Rule 2 in order to consider this issue. *See State v. Hill*, 179 N.C. App. 1, 632 S.E.2d 777 (2006). All other issues or questions not argued by Defendant in his brief are deemed abandoned. *See Appeal of Parker*, 76 N.C. App. 447, 450, 333 S.E.2d 749, 751 (1985).

N.C. Gen. Stat. § 14-208.40B (2009) sets forth the procedure for determination of SBM eligibility. N.C. Gen. Stat. § 14-208.40B(b) pro-

---

1. We note that Defendant's appeal was filed on 17 August 2009, prior to the amendments to the Rules of Appellate Procedure, which took effect 1 October 2009. We therefore apply the version of the Rules effective prior to 1 October 2009.

vides that a trial court shall conduct a hearing to make certain factual determinations. N.C. Gen. Stat. § 14-208.40B(b) (2009).

> If the court finds that (i) the offender has been classified as a sexually violent predator pursuant to G.S. 14-208.20, (ii) the offender is a recidivist, (iii) the conviction offense was an aggravated offense, or (iv) the conviction offense was a violation of G.S. 14-27.2A or G.S. 14-27.4A, the court shall order the offender to enroll in satellite-based monitoring for life.

N.C. Gen. Stat. § 14-208.40B(c) (2009). A sexually violent predator is

> a person who has been convicted of a sexually violent offense and who suffers from a mental abnormality or personality disorder that makes the person likely to engage in sexually violent offenses directed at strangers or at a person with whom a relationship has been established or promoted for the primary purpose of victimization.

N.C. Gen. Stat. § 14-208.6(6) (2009). N.C. Gen. Stat. § 14-208.6(5) contains a list of enumerated offenses which qualify as "[s]exually violent offense[s.]" N.C. Gen. Stat. § 14-208.6(5) (2009).

> Likewise, "aggravated offense" is defined in N.C. Gen. Stat. § 14-208.6(1a) as

> any criminal offense that includes either of the following: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence; or (ii) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim who is less than 12 years old.

N.C. Gen. Stat. § 14-206.6(1a) (2009).

In the case before us, the trial court found that "Defendant ha[d] not been classified as a sexually violent predator[,]" and was not a recidivist. Further, Defendant was not "convicted of G.S. 14-27.2A or G.S. 14-27.4A[,]" as required by N.C.G.S. § 14-208.40B(c). Thus, the only finding which supported the trial court's order requiring Defendant to enroll in SBM for life was its finding that "this conviction is an aggravated offense."

Our Court recently held that, in determining whether an offense was an aggravated offense for the purposes of N.C.G.S. § 14-208.40A, a trial court looks only to the elements of the offense and not to the

underlying facts giving rise to the conviction. *State v. Davison,* ——
N.C. App. ——, ——, 689 S.E.2d 510, 517 (2009). In *Singleton,* this inter-
pretation was extended to hearings conducted pursuant to N.C.G.S.
§ 14-208.40B, such as the one in the case before us. *Singleton,* ——
N.C. App. at ——, 689 S.E.2d at 567. Defendant in the present case was
convicted of sexual battery, as defined in N.C. Gen. Stat. § 14-27.5A:

> A person is guilty of sexual battery if the person, for the purpose
> of sexual arousal, sexual gratification, or sexual abuse, engages
> in sexual contact with another person:
>
> (1)  By force and against the will of the other person; or
>
> (2)  Who is mentally disabled, mentally incapacitated, or physi-
> cally helpless, and the person performing the act knows or should
> reasonably know that the other person is mentally disabled, men-
> tally incapacitated, or physically helpless.

N.C. Gen. Stat. § 14-27.5A(a) (2009). Comparing the elements of
sexual battery with the definition of "aggravated offense" set forth
in N.C.G.S. § 14-208.6(1a), we find significant differences between
the two.

An aggravated offense requires, in pertinent part, "engaging in a
sexual act involving vaginal, anal, or oral penetration with a victim of
any age through the use of force or the threat of serious violence[.]"
N.C.G.S. § 14-208.6(1a). As described above, a conviction for sexual
battery does not require that a defendant engage in "vaginal, anal, or
oral penetration" with the victim. Rather, sexual battery contem-
plates any "sexual contact" with a victim carried out by force, and
against the will of the victim, or against a person who is "mentally dis-
abled, mentally incapacitated, or physically helpless, and the person
performing the act knows or should reasonably know that the other
person is mentally disabled, mentally incapacitated, or physically
helpless." N.C.G.S. § 14-27.5A(a). Thus, because sexual battery does
not involve "vaginal, anal, or oral penetration[,]" sexual battery is not
an "aggravated offense" for the purposes of N.C.G.S. § 14-208.40B.

Because the trial court's sole basis for ordering Defendant to
enroll in lifetime SBM was its erroneous finding that Defendant
was convicted of an aggravated offense, we must reverse the trial
court's order.

The State requests that we remand this case to the trial court for
its determination of whether "Defendant should be deemed a sexually

violent offender and subjected to SBM on that basis." However, the State presents no argument that the trial court's determination that Defendant was not a sexually violent offender was error, and we are not convinced that this finding need be addressed on remand. We note that in *Davison*, our Court remanded to the trial court with instructions to follow the procedure set forth in N.C.G.S. § 14-208.40A. *Davison*, —— N.C. App. at ——, 689 S.E.2d at 517. However, in the matter before us, the trial court's error was not in failing to follow the procedure in N.C.G.S. § 14-208.40B. Instead, the trial court erred in concluding that sexual battery was an aggravated offense. Because the trial court's order was based on an erroneous conclusion and there was no further procedural error, we need only reverse the trial court's order. In light of our decision, we need not address Defendant's remaining assignments of error.

Reversed.

Judges STEELMAN and BEASLEY concur.