IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-273

No. COA20-461

Filed 15 June 2021

Davidson County, No. 18 CRS 001968-70

STATE OF NORTH CAROLINA

v.

SPANOLA SHUNDU GORDON, Defendant.

Appeal by Defendant from judgments and order entered 23 January 2020 by Judge R. Stuart Albright in Davidson County Superior Court. Heard in the Court of Appeals 23 February 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Justin Isaac Eason, for the State-Appellee.*

*Sarah Holladay for Defendant-Appellant.*

GORE, Judge.

¶ 1 Spanola Shundu Gordon ("Defendant") was sentenced to a total of 921 to 1204 months' imprisonment for one count of statutory sexual offense with a child by an adult and three counts of indecent liberties. The trial court ordered his enrollment in satellite-based monitoring ("SBM") for the remainder of his natural life. On appeal, Defendant argues that the trial court plainly erred in instructing the jury with an incomplete Allen charge. Also, Defendant argues that (1) the trial court erred

when it ordered his lifetime SBM enrollment, and (2) his counsel rendered ineffective assistance by failing to challenge the trial court's SBM Order. We hold that the trial court did not plainly err in giving its instruction to the jury. In our discretion, we issue writ of certiorari to review the trial court's SBM order but decline to invoke Rule 2 to address Defendant's unpreserved constitutional challenge to lifetime SBM enrollment. While a constitutional ineffective assistance of counsel claim is unavailable on appeal, we find that Defendant received statutory ineffective assistance of counsel during the imposition of lifetime SBM. Accordingly, we find no error in part, dismiss in part, and vacate the SBM order without prejudice.

## I. Factual and Procedural Background

¶ 2 On 22 January 2020, a jury found Defendant guilty of statutory sex offense with a child by an adult and three counts of indecent liberties. Defendant perpetrated these offenses in July 2016 on his then nine-year-old daughter while she was visiting him for the weekend. On 23 January 2020, a jury found Defendant guilty of obtaining habitual felon status.

¶ 3 The jury began its deliberations at approximately 3:28 p.m. on 22 January 2020. At about 4:40 p.m., the jury sent out the following question:

> Clarification of Guilty- in order to be guilty vote must be UNANIMOUS? [I]f not unanimous then NOT GUILTY must be rendered?

The trial judge asked the State and defense counsel for suggestions as to how it should

respond to the jury's question. Both parties concurred in requesting that the jury be reinstructed on the necessary charge for unanimity of verdict, and to further ask that the jury try to achieve a unanimous verdict. The trial judge responded to the jury as follows:

> [THE COURT]: It is your duty to find the facts and to render a verdict reflecting the truth. All twelve of you must agree to your verdict. You cannot reach a verdict by majority vote.

Neither party objected to this instruction.

¶ 4        After the jury was released, the trial court addressed the matters of sentencing and SBM. As to SBM, the State asserted that "the statute requires in this type of an offense," that Defendant be subject to lifetime monitoring. The State produced a STATIC-99 form prepared by Assessor Bart Leonard, who was not called to testify, which indicated that Defendant had an individual risk factor of "-1," placing him in level "II- Below Average Risk" for recidivism.

¶ 5        The trial court sentenced Defendant to a term of 483 to 640 months' imprisonment for statutory sex offense to run consecutively with three sentences of 146 to 188 months for indecent liberties. The trial court also ordered Defendant to register as a sex offender for 30 years and, upon release, submit to SBM for the remainder of his natural life. Defendant gave oral notice of appeal in open court.

## II.    Analysis

¶ 6        Defendant raises two issues on appeal. First, Defendant argues that the trial court plainly erred when it responded to the jury's question on unanimity with an incomplete instruction. Second, Defendant argues that the trial court erred in ordering him to submit to SBM for the remainder of his natural life. In the alternative, Defendant contends his trial counsel rendered ineffective assistance by failing to challenge the SBM Order.

### A. Allen charge

¶ 7        "The term 'Allen charge' is derived from the case of *Allen v. United States*, in which the United States Supreme Court approved the use of jury instructions that encouraged the jury to reach a verdict, if possible, after the jury requested additional instructions from the trial court." *State v. Gettys*, 219 N.C. App. 93, 101 n.1, 724 S.E.2d 579, 585 n.1 (2012) (citation omitted). North Carolina General Statutes Section 15A-1235 provides instructions a trial court may issue to a deadlocked jury.

¶ 8        Defendant argues that the trial court plainly erred when it responded to the jury's question with N.C. Gen. Stat. § 15A-1235(a), but omitted the instructions found in N.C. Gen. Stat. § 15A-1235(b). Defendant contends that because the jury was clearly unable to reach a unanimous verdict, the trial judge was required to fully instruct the jury as to both subsections (a) and (b) of the statute. However, we disagree that there was any indication the jury was deadlocked or having difficulty reaching unanimity. Thus, the specific requirements of § 15A-1235 were not invoked

in this case.

¶ 9     "The decision *to give* an *Allen* charge is discretionary and therefore reviewed for abuse of discretion." *Gettys*, 219 N.C. App. at 101, 724 S.E.2d at 585-86 (citation omitted). "Whether the *Allen* charge provides the instructions required by N.C. Gen. Stat. § 15A-1235(b) is a question of law we review *de novo*." *Id*. at 101, 724 S.E.2d 586 (citation omitted). Because Defendant failed to object to the trial court's *Allen* instruction, he must establish that the alleged errors amounted to plain error. *Id*. at 101, 724 S.E.2d 586 (citation omitted). "Under the plain error standard of review, defendant has the burden of showing: (i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." *State v. Wilson*, 203 N.C. App. 547, 551, 691 S.E.2d 734, 738 (2010) (citations and quotation marks omitted).

¶ 10    It is unnecessary to provide the precise language of N.C. Gen. Stat. § 15A-1235 here. However,

> [w]e note that the language of the statute is permissive rather than mandatory—a judge "may" give or repeat the instructions in N.C.G.S. § 15A-1235(a) and (b) if it appears to the judge that a jury is unable to agree. Furthermore, it has long been the rule in this State that in deciding whether a court's instructions force a verdict or merely serve as a catalyst for further deliberations, an appellate court must consider the circumstances under which the instructions were made and the probable impact of the instructions on the jury.

*State v. Peek*, 313 N.C. 266, 271, 328 S.E.2d 249, 253 (1985) (internal citations omitted).

¶ 11 Subsection (c) of the statute provides in pertinent part, "*If it appears to the judge that the jury has been unable to agree*, the judge may require the jury to continue its deliberations and may give or repeat the instructions provided in subsections (a) and (b)." N.C. Gen. Stat. § 15A-1235(c) (emphasis added). Here, the jury had been deliberating for approximately one hour and ten minutes before sending out a note requesting clarification from the trial judge. The note did not clearly indicate that the jury was deadlocked, suggest disagreement, or declare an impasse.

¶ 12 Instead, the plain text of the note states it is a request for "clarification." As this Court stated in *State v. Hunter*, "[w]e do not concede . . . that the legislature intended to require a trial judge, without regard to the circumstances then existing, to either recite G.S. 15A-1235(b) every time a jury returns to the courtroom without a verdict or discharge the jury." 48 N.C. App. 689, 692, 269 S.E.2d 736, 738 (1980). "[I]nstead, . . . the trial judge must be allowed to exercise his sound judgment to deal with the myriad different circumstances he encounters at trial." *Id.* at 692-93, 269 S.E.2d at 738 (internal citation omitted).

¶ 13 Absent the appearance of deadlock or impasse in the jury's deliberations, we find that the trial court did not err in reciting its instruction on unanimity pursuant

to subsection (a) of N.C. Gen. Stat. § 15A-1235 without also providing the additional instructions of subsection (b).

**B. Satellite-Based Monitoring**

¶ 14        Defendant next argues that the trial court erred in ordering him to submit to SBM for the remainder of his natural life.  However, Defendant concedes that oral notice of appeal was insufficient to preserve this issue for appellate review, and he was required to provide written notice of appeal from the order imposing lifetime SBM.  "Our Court has held that SBM hearings and proceedings are not criminal actions, but are instead a civil regulatory scheme." *State v. Brooks*, 204 N.C. App. 193, 194, 693 S.E.2d 204, 206 (2010) (*purgandum*).  Accordingly, "oral notice pursuant to N.C.R. App. P. 4(a)(1) is insufficient to confer jurisdiction on this Court.  Instead, a defendant must give notice of appeal pursuant to N.C.R. App. P. 3(a) as is proper "in a civil action or special proceeding[.]" *Id.* at 194-95, 693 S.E.2d at 206 (quoting N.C.R. App. P. 3(a)).  Rule 3 provides that

> [a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal *by filing notice of appeal* with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subsection (c) of this rule.

N.C. R. App. P. 3(a) (emphasis added).

¶ 15        Defendant petitions this Court to issue writ of certiorari as to permit review of

the trial court's SBM order. "The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C.R. App. P. Rule 21(a). However, "[a] writ of certiorari is not intended as a substitute for a notice of appeal. If this Court routinely allowed a writ of certiorari in every case in which the appellant failed to properly appeal, it would render meaningless the rules governing the time and manner of noticing appeals." *State v. Bishop*, 255 N.C. App. 767, 769, 805 S.E.2d 367, 369 (2017). "A petition for the writ must show merit or that error was probably committed below." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) (citation omitted). We find that Defendant has shown merit on his claim. In our discretion, we issue writ of certiorari to permit review of the trial court's SBM order.

¶ 16     Defendant argues that the trial court erred in ordering lifetime SBM because the State failed to present any evidence that SBM is a reasonable search under the Fourth Amendment. Specifically, Defendant contends that the trial court mistakenly concluded that SBM was required by statute as applied to his convictions for statutory sex offense with a child and three counts of indecent liberties.

¶ 17     There was no separate hearing held on this matter. Rather, the SBM discussion was incorporated into the sentencing proceeding. During that proceeding, Defendant made no constitutional objection to the SBM order on grounds that it

constituted an unreasonable search. Having failed to preserve a Fourth Amendment challenge to the SBM enrollment order, Defendant asks this Court to take the extraordinary measure of invoking Rule 2 to reach the merits of his unpreserved constitutional argument.

> As our Supreme Court has instructed, we must be cautious in our use of Rule 2 not only because it is an extraordinary remedy intended solely to prevent manifest injustice, but also because "inconsistent application" of Rule 2 itself leads to injustice when some similarly situated litigants are permitted to benefit from it but others are not.

*Bishop*, 255 N.C. App. at 770, 805 S.E.2d at 370 (citation omitted).

Here, Defendant did not comply with the procedure necessary to preserve his SBM issue on appeal and has not demonstrated how his failure to object to SBM enrollment at trial "resulted in a fundamental error or manifest injustice[ ]" that necessitates this Court's invocation of Rule 2. *State v. Cozart*, 260 N.C. App. 96, 101, 817 S.E.2d 599, 603 (2018). In our discretion, we decline to invoke Rule 2 and dismiss Defendant's unpreserved SBM argument on appeal.

## C. Ineffective Assistance of Counsel

Alternatively, Defendant asserts a constitutional claim for ineffective assistance of counsel due to his attorney's failure to hold the State to its burden of proving his constitutional eligibility for lifetime SBM. However, SBM is a civil regulatory scheme, and this Court has previously held that a claim for ineffective

assistance of counsel based on Defendant's Sixth Amendment right is not available when challenging an SBM order. *See State v. Wagoner*, 199 N.C. App. 321, 332, 683 S.E.2d 391, 400 (2009) (finding that "a claim for ineffective assistance of counsel is available only in criminal matters, and we have already concluded that SBM is not a criminal punishment."). "As a result, since an SBM proceeding is not criminal in nature, defendants required to enroll in SBM are not entitled to challenge the effectiveness of the representation that they received from their trial counsel based on the right to counsel provisions of the federal and state constitutions." *State v. Clark*, 211 N.C. App. 60, 77, 714 S.E.2d 754, 765 (2011) (citation omitted). Accordingly, Defendant's constitutional challenge to lifetime SBM enrollment based on ineffective assistance of counsel is unavailable on appeal, and his argument is without merit.

¶ 20 However, Defendant also argues that he has a statutory right to counsel in an SBM proceeding pursuant to N.C. Gen. Stat. § 7A-451(a)(18), which provides that "[a]n indigent person is entitled to services of counsel in the following actions and proceedings . . . [in] [a] proceeding involving placement into satellite monitoring[.]" N.C. Gen. Stat. § 7A-451(a)(18) (2020). "This Court has also recognized that, where a statutory right to counsel exists, that right includes the right to effective assistance of counsel as set forth in *Strickland*[.]" *State v. Velasquez-Cardenas*, 259 N.C. App. 211, 223, 815 S.E.2d 9, 17 (2018).

¶ 21        This Court has previously addressed the statutory right to effective assistance

of counsel as applied to a termination proceeding.

> The parents' right to counsel in a proceeding to terminate
> parental rights is now guaranteed in all cases by statute. A
> parent's interest in the accuracy and justice of the decision
> to terminate his or her parental rights is a commanding
> one. By providing a statutory right to counsel in
> termination proceedings, our legislature has recognized
> that this interest must be safeguarded by adequate legal
> representation. If no remedy is provided for inadequate
> representation, the statutory right to counsel will become
> an "empty formality." Therefore, the right to counsel
> provided by [statute] includes the right to effective
> assistance of counsel.

*In re Bishop*, 92 N.C. App. 662, 664-65, 375 S.E.2d 676, 678 (1989) (internal citations

omitted).   Defendant contends, and we agree, that this analysis applies to SBM

equally as well as it does to the termination of parental rights, juvenile delinquency,

or the revocation of probation or parole.

¶ 22        "When a convicted defendant complains of the ineffectiveness of counsel's

assistance, the defendant must show that counsel's representation fell below an

objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-

88, 80 L. Ed. 2d 674, 693 (1984).  As this Court recently discussed in *State v. Spinks*,

we evaluate Defendant's statutory ineffective assistance of counsel claim using a two-

pronged standard as articulated in *Strickland v. Washington,* 466 U.S. 668, 80 L. Ed.

2d 674, (1984) and *State v. Braswell*, 312 N.C. 553, 324 S.E.2d 241 (1985).   2021-

NCCOA-218.

> [T]o assert a statutory ineffective assistance of counsel claim on appeal from the imposition of satellite-based monitoring, a defendant must show "that counsel's performance was deficient and that this deficiency was so serious as to deprive the party of a fair hearing." In determining whether counsel's performance was deficient, we accord great deference to matters of strategy, and we "evaluate the conduct from counsel's perspective at the time[.]" To demonstrate prejudice, the defendant must establish "a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings."

*Id.* at ¶61 (internal citations omitted).

In this case, as in *Spinks*, trial counsel for Defendant failed to object to the imposition of lifetime SBM enrollment, did not raise a constitutional objection, and failed to file written notice of appeal from the SBM order. *See id.* at ¶62. The State speculates that, "It may have been a strategy or even the express wishes of Defendant for counsel to remain quiet at the sentencing phase, including with respect to SBM." **[S. Br. 26].** However, it is entirely unclear what strategic purpose would be served by failing to object to SBM enrollment during the sentencing proceeding or not filing written notice of appeal from the SBM order. Further, there is no discernable strategic reason that Defendant wished for his counsel to remain quiet and not hold the State to its burden of establishing reasonableness under the Fourth Amendment.

However, "[t]he fact that counsel made an error, even an unreasonable error,

does not warrant reversal of a conviction unless there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *Braswell*, 312 N.C. at 563, 324 S.E.2d at 248 (citation omitted). Here, the trial court made its SBM determination during the sentencing proceeding and did not conduct a separate hearing on reasonableness of lifetime SBM enrollment. While Defendant was convicted of Statutory Sexual Offense with a Child by an Adult pursuant to N.C. Gen. Stat. § 14-27.28, and under N.C. Gen. Stat. § 14-208.40A(c), [i]f the court finds that the offender has been . . . convicted of G.S. 14-27.28, the court shall order the offender to enroll in a satellite-based monitoring program for life[,]" § 14-208.40A(a)-(c) (2020), "the trial court must conduct a hearing in order to determine the constitutionality of ordering the targeted individual to enroll in the [SBM] program[.]" *State v. Ricks*, 271 N.C. App. 348, 362, 843 S.E.2d 652, 664 (2020) (citation omitted). Here, trial counsel for Defendant failed to raise any objection to the imposition of lifetime SBM enrollment when the State presented no evidence regarding reasonableness under the Fourth Amendment, and Defendant was prejudiced as a result. Accordingly, we find that Defendant received statutory ineffective assistance of counsel and vacate the imposition of lifetime SBM enrollment without prejudice to the State's ability to conduct further SBM proceedings.

### III.  Conclusion

We find that the trial court did not err by reinstructing the jury in accordance

with N.C. Gen. Stat. § 15A-1235(a) on unanimity of verdict while omitting the additional instructions of N.C. Gen. Stat. § 15A-1235(b) because there was no indication that the jury was deadlocked. In our discretion, we issue writ of certiorari but decline to invoke Rule 2 to review Defendant's unpreserved constitutional challenge to lifetime SBM enrollment. While Defendant's claim for constitutional ineffective assistance of counsel regarding the trial court's SBM Order is not available on appeal, we hold that Defendant received statutory ineffective assistance of counsel. We vacate the imposition of SBM without prejudice to the State's ability to file a subsequent SBM application.

NO ERROR IN PART; DISMISSED IN PART; VACATED IN PART.

Judges ARROWOOD and COLLINS concur.