IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-273

 No. COA20-461

 Filed 15 June 2021

 Davidson County, No. 18 CRS 001968-70

 STATE OF NORTH CAROLINA

 v.

 SPANOLA SHUNDU GORDON, Defendant.

 Appeal by Defendant from judgments and order entered 23 January 2020 by

 Judge R. Stuart Albright in Davidson County Superior Court. Heard in the Court of

 Appeals 23 February 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Justin Isaac
 Eason, for the State-Appellee.

 Sarah Holladay for Defendant-Appellant.

 GORE, Judge.

¶1 Spanola Shundu Gordon (“Defendant”) was sentenced to a total of 921 to 1204

 months’ imprisonment for one count of statutory sexual offense with a child by an

 adult and three counts of indecent liberties. The trial court ordered his enrollment

 in satellite-based monitoring (“SBM”) for the remainder of his natural life. On

 appeal, Defendant argues that the trial court plainly erred in instructing the jury

 with an incomplete Allen charge. Also, Defendant argues that (1) the trial court erred
 STATE V. GORDON

 2021-NCCOA-273

 Opinion of the Court

 when it ordered his lifetime SBM enrollment, and (2) his counsel rendered ineffective

 assistance by failing to challenge the trial court’s SBM Order. We hold that the trial

 court did not plainly err in giving its instruction to the jury. In our discretion, we

 issue writ of certiorari to review the trial court’s SBM order but decline to invoke Rule

 2 to address Defendant’s unpreserved constitutional challenge to lifetime SBM

 enrollment. While a constitutional ineffective assistance of counsel claim is

 unavailable on appeal, we find that Defendant received statutory ineffective

 assistance of counsel during the imposition of lifetime SBM. Accordingly, we find no

 error in part, dismiss in part, and vacate the SBM order without prejudice.

 I. Factual and Procedural Background

¶2 On 22 January 2020, a jury found Defendant guilty of statutory sex offense

 with a child by an adult and three counts of indecent liberties. Defendant perpetrated

 these offenses in July 2016 on his then nine-year-old daughter while she was visiting

 him for the weekend. On 23 January 2020, a jury found Defendant guilty of obtaining

 habitual felon status.

¶3 The jury began its deliberations at approximately 3:28 p.m. on 22 January

 2020. At about 4:40 p.m., the jury sent out the following question:

 Clarification of Guilty- in order to be guilty vote must be
 UNANIMOUS? [I]f not unanimous then NOT GUILTY
 must be rendered?

 The trial judge asked the State and defense counsel for suggestions as to how it should
 STATE V. GORDON

 2021-NCCOA-273

 Opinion of the Court

 respond to the jury’s question. Both parties concurred in requesting that the jury be

 reinstructed on the necessary charge for unanimity of verdict, and to further ask that

 the jury try to achieve a unanimous verdict. The trial judge responded to the jury as

 follows:

 [THE COURT]: It is your duty to find the facts and to
 render a verdict reflecting the truth. All twelve of you must
 agree to your verdict. You cannot reach a verdict by
 majority vote.

 Neither party objected to this instruction.

¶4 After the jury was released, the trial court addressed the matters of sentencing

 and SBM. As to SBM, the State asserted that “the statute requires in this type of an

 offense,” that Defendant be subject to lifetime monitoring. The State produced a

 STATIC-99 form prepared by Assessor Bart Leonard, who was not called to testify,

 which indicated that Defendant had an individual risk factor of “-1,” placing him in

 level “II- Below Average Risk” for recidivism.

¶5 The trial court sentenced Defendant to a term of 483 to 640 months’

 imprisonment for statutory sex offense to run consecutively with three sentences of

 146 to 188 months for indecent liberties. The trial court also ordered Defendant to

 register as a sex offender for 30 years and, upon release, submit to SBM for the

 remainder of his natural life. Defendant gave oral notice of appeal in open court.

 II. Analysis
 STATE V. GORDON

 2021-NCCOA-273

 Opinion of the Court

¶6 Defendant raises two issues on appeal. First, Defendant argues that the trial

 court plainly erred when it responded to the jury’s question on unanimity with an

 incomplete instruction. Second, Defendant argues that the trial court erred in

 ordering him to submit to SBM for the remainder of his natural life. In the

 alternative, Defendant contends his trial counsel rendered ineffective assistance by

 failing to challenge the SBM Order.

 A. Allen charge

¶7 “The term ‘Allen charge’ is derived from the case of Allen v. United States, in

 which the United States Supreme Court approved the use of jury instructions that

 encouraged the jury to reach a verdict, if possible, after the jury requested additional

 instructions from the trial court.” State v. Gettys, 219 N.C. App. 93, 101 n.1, 724

 S.E.2d 579, 585 n.1 (2012) (citation omitted). North Carolina General Statutes

 Section 15A-1235 provides instructions a trial court may issue to a deadlocked jury.

¶8 Defendant argues that the trial court plainly erred when it responded to the

 jury’s question with N.C. Gen. Stat. § 15A-1235(a), but omitted the instructions found

 in N.C. Gen. Stat. § 15A-1235(b). Defendant contends that because the jury was

 clearly unable to reach a unanimous verdict, the trial judge was required to fully

 instruct the jury as to both subsections (a) and (b) of the statute. However, we

 disagree that there was any indication the jury was deadlocked or having difficulty

 reaching unanimity. Thus, the specific requirements of § 15A-1235 were not invoked
 STATE V. GORDON

 2021-NCCOA-273

 Opinion of the Court

 in this case.

¶9 “The decision to give an Allen charge is discretionary and therefore reviewed

 for abuse of discretion.” Gettys, 219 N.C. App. at 101, 724 S.E.2d at 585-86 (citation

 omitted). “Whether the Allen charge provides the instructions required by N.C. Gen.

 Stat. § 15A-1235(b) is a question of law we review de novo.” Id. at 101, 724 S.E.2d

 586 (citation omitted). Because Defendant failed to object to the trial court’s Allen

 instruction, he must establish that the alleged errors amounted to plain error. Id. at

 101, 724 S.E.2d 586 (citation omitted). “Under the plain error standard of review,

 defendant has the burden of showing: (i) that a different result probably would have

 been reached but for the error or (ii) that the error was so fundamental as to result

 in a miscarriage of justice or denial of a fair trial.” State v. Wilson, 203 N.C. App.

 547, 551, 691 S.E.2d 734, 738 (2010) (citations and quotation marks omitted).

¶ 10 It is unnecessary to provide the precise language of N.C. Gen. Stat. § 15A-1235

 here. However,

 [w]e note that the language of the statute is permissive
 rather than mandatory—a judge “may” give or repeat the
 instructions in N.C.G.S. § 15A-1235(a) and (b) if it appears
 to the judge that a jury is unable to agree. Furthermore, it
 has long been the rule in this State that in deciding
 whether a court’s instructions force a verdict or merely
 serve as a catalyst for further deliberations, an appellate
 court must consider the circumstances under which the
 instructions were made and the probable impact of the
 instructions on the jury.
 STATE V. GORDON

 2021-NCCOA-273

 Opinion of the Court

 State v. Peek, 313 N.C. 266, 271, 328 S.E.2d 249, 253 (1985) (internal citations

 omitted).

¶ 11 Subsection (c) of the statute provides in pertinent part, “If it appears to the

 judge that the jury has been unable to agree, the judge may require the jury to

 continue its deliberations and may give or repeat the instructions provided in

 subsections (a) and (b).” N.C. Gen. Stat. § 15A-1235(c) (emphasis added). Here, the

 jury had been deliberating for approximately one hour and ten minutes before

 sending out a note requesting clarification from the trial judge. The note did not

 clearly indicate that the jury was deadlocked, suggest disagreement, or declare an

 impasse.

¶ 12 Instead, the plain text of the note states it is a request for “clarification.” As

 this Court stated in State v. Hunter, “[w]e do not concede . . . that the legislature

 intended to require a trial judge, without regard to the circumstances then existing,

 to either recite G.S. 15A-1235(b) every time a jury returns to the courtroom without

 a verdict or discharge the jury.” 48 N.C. App. 689, 692, 269 S.E.2d 736, 738 (1980).

 “[I]nstead, . . . the trial judge must be allowed to exercise his sound judgment to deal

 with the myriad different circumstances he encounters at trial.” Id. at 692-93, 269

 S.E.2d at 738 (internal citation omitted).

¶ 13 Absent the appearance of deadlock or impasse in the jury’s deliberations, we

 find that the trial court did not err in reciting its instruction on unanimity pursuant
 STATE V. GORDON

 2021-NCCOA-273

 Opinion of the Court

 to subsection (a) of N.C. Gen. Stat. § 15A-1235 without also providing the additional

 instructions of subsection (b).

 B. Satellite-Based Monitoring

¶ 14 Defendant next argues that the trial court erred in ordering him to submit to

 SBM for the remainder of his natural life. However, Defendant concedes that oral

 notice of appeal was insufficient to preserve this issue for appellate review, and he

 was required to provide written notice of appeal from the order imposing lifetime

 SBM. “Our Court has held that SBM hearings and proceedings are not criminal

 actions, but are instead a civil regulatory scheme.” State v. Brooks, 204 N.C. App.

 193, 194, 693 S.E.2d 204, 206 (2010) (purgandum). Accordingly, “oral notice pursuant

 to N.C.R. App. P. 4(a)(1) is insufficient to confer jurisdiction on this Court. Instead,

 a defendant must give notice of appeal pursuant to N.C.R. App. P. 3(a) as is proper

 “in a civil action or special proceeding[.]” Id. at 194-95, 693 S.E.2d at 206 (quoting

 N.C.R. App. P. 3(a)). Rule 3 provides that

 [a]ny party entitled by law to appeal from a judgment or
 order of a superior or district court rendered in a civil
 action or special proceeding may take appeal by filing
 notice of appeal with the clerk of superior court and serving
 copies thereof upon all other parties within the time
 prescribed by subsection (c) of this rule.

 N.C. R. App. P. 3(a) (emphasis added).

¶ 15 Defendant petitions this Court to issue writ of certiorari as to permit review of
 STATE V. GORDON

 2021-NCCOA-273

 Opinion of the Court

 the trial court’s SBM order. “The writ of certiorari may be issued in appropriate

 circumstances by either appellate court to permit review of the judgments and orders

 of trial tribunals when the right to prosecute an appeal has been lost by failure to

 take timely action[.]” N.C.R. App. P. Rule 21(a). However, “[a] writ of certiorari is

 not intended as a substitute for a notice of appeal. If this Court routinely allowed a

 writ of certiorari in every case in which the appellant failed to properly appeal, it

 would render meaningless the rules governing the time and manner of noticing

 appeals.” State v. Bishop, 255 N.C. App. 767, 769, 805 S.E.2d 367, 369 (2017). “A

 petition for the writ must show merit or that error was probably committed below.”

 State v. Grundler, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) (citation omitted). We

 find that Defendant has shown merit on his claim. In our discretion, we issue writ of

 certiorari to permit review of the trial court’s SBM order.

¶ 16 Defendant argues that the trial court erred in ordering lifetime SBM because

 the State failed to present any evidence that SBM is a reasonable search under the

 Fourth Amendment. Specifically, Defendant contends that the trial court mistakenly

 concluded that SBM was required by statute as applied to his convictions for

 statutory sex offense with a child and three counts of indecent liberties.

¶ 17 There was no separate hearing held on this matter. Rather, the SBM

 discussion was incorporated into the sentencing proceeding. During that proceeding,

 Defendant made no constitutional objection to the SBM order on grounds that it
 STATE V. GORDON

 2021-NCCOA-273

 Opinion of the Court

 constituted an unreasonable search. Having failed to preserve a Fourth Amendment

 challenge to the SBM enrollment order, Defendant asks this Court to take the

 extraordinary measure of invoking Rule 2 to reach the merits of his unpreserved

 constitutional argument.

 As our Supreme Court has instructed, we must be cautious
 in our use of Rule 2 not only because it is an extraordinary
 remedy intended solely to prevent manifest injustice, but
 also because “inconsistent application” of Rule 2 itself leads
 to injustice when some similarly situated litigants are
 permitted to benefit from it but others are not.

 Bishop, 255 N.C. App. at 770, 805 S.E.2d at 370 (citation omitted).

¶ 18 Here, Defendant did not comply with the procedure necessary to preserve his

 SBM issue on appeal and has not demonstrated how his failure to object to SBM

 enrollment at trial “resulted in a fundamental error or manifest injustice[ ]” that

 necessitates this Court’s invocation of Rule 2. State v. Cozart, 260 N.C. App. 96, 101,

 817 S.E.2d 599, 603 (2018). In our discretion, we decline to invoke Rule 2 and dismiss

 Defendant’s unpreserved SBM argument on appeal.

 C. Ineffective Assistance of Counsel

¶ 19 Alternatively, Defendant asserts a constitutional claim for ineffective

 assistance of counsel due to his attorney’s failure to hold the State to its burden of

 proving his constitutional eligibility for lifetime SBM. However, SBM is a civil

 regulatory scheme, and this Court has previously held that a claim for ineffective
 STATE V. GORDON

 2021-NCCOA-273

 Opinion of the Court

 assistance of counsel based on Defendant’s Sixth Amendment right is not available

 when challenging an SBM order. See State v. Wagoner, 199 N.C. App. 321, 332, 683

 S.E.2d 391, 400 (2009) (finding that “a claim for ineffective assistance of counsel is

 available only in criminal matters, and we have already concluded that SBM is not a

 criminal punishment.”). “As a result, since an SBM proceeding is not criminal in

 nature, defendants required to enroll in SBM are not entitled to challenge the

 effectiveness of the representation that they received from their trial counsel based

 on the right to counsel provisions of the federal and state constitutions.” State v.

 Clark, 211 N.C. App. 60, 77, 714 S.E.2d 754, 765 (2011) (citation omitted).

 Accordingly, Defendant’s constitutional challenge to lifetime SBM enrollment based

 on ineffective assistance of counsel is unavailable on appeal, and his argument is

 without merit.

¶ 20 However, Defendant also argues that he has a statutory right to counsel in an

 SBM proceeding pursuant to N.C. Gen. Stat. § 7A-451(a)(18), which provides that

 “[a]n indigent person is entitled to services of counsel in the following actions and

 proceedings . . . [in] [a] proceeding involving placement into satellite monitoring[.]”

 N.C. Gen. Stat. § 7A-451(a)(18) (2020). “This Court has also recognized that, where

 a statutory right to counsel exists, that right includes the right to effective assistance

 of counsel as set forth in Strickland[.]” State v. Velasquez-Cardenas, 259 N.C. App.

 211, 223, 815 S.E.2d 9, 17 (2018).
 STATE V. GORDON

 2021-NCCOA-273

 Opinion of the Court

¶ 21 This Court has previously addressed the statutory right to effective assistance

 of counsel as applied to a termination proceeding.

 The parents’ right to counsel in a proceeding to terminate
 parental rights is now guaranteed in all cases by statute. A
 parent’s interest in the accuracy and justice of the decision
 to terminate his or her parental rights is a commanding
 one. By providing a statutory right to counsel in
 termination proceedings, our legislature has recognized
 that this interest must be safeguarded by adequate legal
 representation. If no remedy is provided for inadequate
 representation, the statutory right to counsel will become
 an “empty formality.” Therefore, the right to counsel
 provided by [statute] includes the right to effective
 assistance of counsel.

 In re Bishop, 92 N.C. App. 662, 664-65, 375 S.E.2d 676, 678 (1989) (internal citations

 omitted). Defendant contends, and we agree, that this analysis applies to SBM

 equally as well as it does to the termination of parental rights, juvenile delinquency,

 or the revocation of probation or parole.

¶ 22 “When a convicted defendant complains of the ineffectiveness of counsel’s

 assistance, the defendant must show that counsel’s representation fell below an

 objective standard of reasonableness.” Strickland v. Washington, 466 U.S. 668, 687-

 88, 80 L. Ed. 2d 674, 693 (1984). As this Court recently discussed in State v. Spinks,

 we evaluate Defendant’s statutory ineffective assistance of counsel claim using a two-

 pronged standard as articulated in Strickland v. Washington, 466 U.S. 668, 80 L. Ed.

 2d 674, (1984) and State v. Braswell, 312 N.C. 553, 324 S.E.2d 241 (1985). 2021-
 STATE V. GORDON

 2021-NCCOA-273

 Opinion of the Court

 NCCOA-218.

 [T]o assert a statutory ineffective assistance of counsel
 claim on appeal from the imposition of satellite-based
 monitoring, a defendant must show “that counsel’s
 performance was deficient and that this deficiency was so
 serious as to deprive the party of a fair hearing.” In
 determining whether counsel’s performance was deficient,
 we accord great deference to matters of strategy, and we
 “evaluate the conduct from counsel’s perspective at the
 time[.]” To demonstrate prejudice, the defendant must
 establish “a reasonable probability that, but for counsel’s
 errors, there would have been a different result in the
 proceedings.”

 Id. at ¶61 (internal citations omitted).

¶ 23 In this case, as in Spinks, trial counsel for Defendant failed to object to the

 imposition of lifetime SBM enrollment, did not raise a constitutional objection, and

 failed to file written notice of appeal from the SBM order. See id. at ¶62. The State

 speculates that, “It may have been a strategy or even the express wishes of Defendant

 for counsel to remain quiet at the sentencing phase, including with respect to SBM.”

 [S. Br. 26]. However, it is entirely unclear what strategic purpose would be served

 by failing to object to SBM enrollment during the sentencing proceeding or not filing

 written notice of appeal from the SBM order. Further, there is no discernable

 strategic reason that Defendant wished for his counsel to remain quiet and not hold

 the State to its burden of establishing reasonableness under the Fourth Amendment.

¶ 24 However, “[t]he fact that counsel made an error, even an unreasonable error,
 STATE V. GORDON

 2021-NCCOA-273

 Opinion of the Court

 does not warrant reversal of a conviction unless there is a reasonable probability that,

 but for counsel’s errors, there would have been a different result in the proceedings.”

 Braswell, 312 N.C. at 563, 324 S.E.2d at 248 (citation omitted). Here, the trial court

 made its SBM determination during the sentencing proceeding and did not conduct

 a separate hearing on reasonableness of lifetime SBM enrollment. While Defendant

 was convicted of Statutory Sexual Offense with a Child by an Adult pursuant to N.C.

 Gen. Stat. § 14-27.28, and under N.C. Gen. Stat. § 14-208.40A(c), [i]f the court finds

 that the offender has been . . . convicted of G.S. 14-27.28, the court shall order the

 offender to enroll in a satellite-based monitoring program for life[,]” § 14-208.40A(a)-

 (c) (2020), “the trial court must conduct a hearing in order to determine the

 constitutionality of ordering the targeted individual to enroll in the [SBM]

 program[.]” State v. Ricks, 271 N.C. App. 348, 362, 843 S.E.2d 652, 664 (2020)

 (citation omitted). Here, trial counsel for Defendant failed to raise any objection to

 the imposition of lifetime SBM enrollment when the State presented no evidence

 regarding reasonableness under the Fourth Amendment, and Defendant was

 prejudiced as a result. Accordingly, we find that Defendant received statutory

 ineffective assistance of counsel and vacate the imposition of lifetime SBM enrollment

 without prejudice to the State’s ability to conduct further SBM proceedings.

 III. Conclusion

¶ 25 We find that the trial court did not err by reinstructing the jury in accordance
 STATE V. GORDON

 2021-NCCOA-273

 Opinion of the Court

with N.C. Gen. Stat. § 15A-1235(a) on unanimity of verdict while omitting the

additional instructions of N.C. Gen. Stat. § 15A-1235(b) because there was no

indication that the jury was deadlocked. In our discretion, we issue writ of certiorari

but decline to invoke Rule 2 to review Defendant’s unpreserved constitutional

challenge to lifetime SBM enrollment. While Defendant’s claim for constitutional

ineffective assistance of counsel regarding the trial court’s SBM Order is not available

on appeal, we hold that Defendant received statutory ineffective assistance of

counsel. We vacate the imposition of SBM without prejudice to the State’s ability to

file a subsequent SBM application.

 NO ERROR IN PART; DISMISSED IN PART; VACATED IN PART.

 Judges ARROWOOD and COLLINS concur.